ANTHONY MASUCIO
*vs.*
EDWARD A. PLATT
·Sheriff of the County of Fairfield

Coram: Hon. Samuel Mellitz, a Judge of the Court
of Common Pleas for Fairfield County.

MEMORANDUM FILED MAY 17, 1940.

*Nevas & Nevas*, of South Norwalk, for the Plaintiff.
*John H. Mountain*, of Westport, for the Defendant.

MELLITZ, J. The applicant seeks by a writ of habeas corpus to be released from confinement in jail resulting from the revocation by the Town Court of Westport of the suspension of a jail sentence heretofore imposed upon him, the execution of which was, at the time of the imposition of sentence, in-definitely suspended. The question presented is whether, under the law, the court had power to revoke the suspension.

The power of the criminal courts of this state to suspend execution of sentences rests on two separate and distinct statu-tory enactments which have been consolidated into a single act, now section 1463e of the 1939 Supplement to the General Statutes.

The first statute on the subject was the Probation Act of 1903 (Public Acts of 1903, chap. 126, §4), which authorized any court to suspend execution and commit a sentenced person to the care of a probation officer for not more than one year. In 1923 another statute was enacted (Public Acts of 1923, chap. 62), authorizing any criminal court to suspend execution in-definitely ·in any case within its jurisdiction. Both statutes contained express provisions concerning revocation of a suspen-sion. Section 5 of the Probation Act provided for revocation if the person probated violated the probation rules during the term fixed for such probation. The 1923 Act provided for revocation if the person sentenced was convicted of any crime within one year from the date of the first sentence.

Except for amendments to the Probation Act not here per-tinent, these statutes remained in force as originally enacted

until the Legislature enacted chapter 285 of the Public Acts of 1929, as a result of the First Report of the Judicial Council (November, 1928). Under the heading "The Abuse of the Suspension of Sentence", three pages of the report directed attention to practices deemed unsound and recommended amendments designed to limit the broad powers of suspension enjoyed by the courts under the existing statutes. Specifically, the council reported: "This broad power is given to every City, Borough and Town Court. Its proper exercise rests in the sound discretion of the court or judge, based upon the peculiar circumstances of the particular case. But this power to relieve the wrong-doer of the sentence fixed by the legislature ought not to be exercised unless such action is clearly justified by mitigating circumstances in the case. A continuous abuse of this power would result in a serious breakdown in the administration of the criminal law."

To correct the reported abuses, the council recommended amendments to the existing statutes to provide: (a) that when sentences be suspended under the Probation Act, the court or judge shall cause the facts upon which such action is based to be made part of the record of such case; (b) that suspensions under the Act of 1923 be "during the good behavior of the accused for a period not exceeding six years, where the mitigating circumstances clearly justify such action, and upon such suspension the court shall forthwith cause to be spread upon its records the reasons upon which such action is based"; (c) that suspensions be not permitted under either act in certain cases involving conviction of driving under the influence of liquor, and cases where the accused was twice before convicted of any felony.

With this report and the recommendations of the judicial council before it, the Legislature enacted chapter 285 of the Public Acts of 1929, containing two sections. The first section amended the 1923 Act to provide that execution of sentences might be suspended indefinitely, "when the mitigating circumstances clearly justify such action, and, upon such suspension, the court shall forthwith cause to be spread upon its records the reasons upon which such action is based"; and it further prohibited suspensions in cases involving driving under the influence of liquor and cases where there were two previous convictions of a felony. The recommendation of the judicial council regarding amendment of the 1923 Act was thus

adopted verbatim, except in respect to making such suspensions be "during the good behavior of the accused for a period not exceeding six years", and instead the provision that executions might be suspended indefinitely was continued and the provision contained in the 1923 Act for revocation of such suspensions was dropped. The second section of the act adopted verbatim the recommendation of the judicial council with regard to amendment of the right to suspend under the Probation Act.

Following the decision in *Kelly vs Dewey*, 111 Conn. 281, in which the provisions of chapter 285 of the Public Acts of 1929 were considered and construed, the two sections of that act (incorporated in the Revision of 1930 as sections 6487 and 6518, respectively), were consolidated into a single section by the enactment of chapter 165 of the Public Acts of 1931, (Cum. Supp. [1935] §1725c), now section 1463e of the 1939 Supplement. Under the act as it now stands, any criminal court or the judge holding such court, except in cases after commitment to the state prison or reformatory, has the power, in any case within its jurisdiction, to suspend sentence indefinitely, to continue the case, to suspend the execution of sentence and commit the accused to the custody of a probation officer for not more than two years, or to suspend the execution of sentence indefinitely, without committing the accused to the custody of a probation officer; and upon the exercise of any of these powers, the court or judge is required to "cause the reasons upon which such action is based to be made a part of the record of such case."

The only statutory provision now governing the revocation of suspensions is that found in section 6519 of the Revision of 1930. Except for verbal changes, its provisions are identical with those of section 5 of the Probation Act of 1903, and clearly provide only for revocation of suspensions in the cases of offenders who have been committed to the custody of a probation officer.

There is thus no statutory provision for revocation of an indefinite suspension, where the offender has not been committed to the custody of a probation officer, and if the right to revoke such an indefinite suspension exists, it must be by implication arising from the power to suspend.

The question presented is as to the intent of the Legislature

in empowering the courts to utilize the powers authorized by the statute. The question is not as to the inherent power of the courts to suspend sentences and to revoke suspensions in the absence of enabling legislation, since the Legislature has expressly dealt with the subject and has confided to the courts such authority as it intended to have exercised. *Belden vs. Hugo*, 88 Conn. 500, 506.

If it is to be held that a court or judge has the implied power to revoke such indefinite suspensions, with no limitation as to the time within which, or the cause for which, the revocation may be made, it must follow that the court or judge may enter such order of revocation at any time within the lifetime of the accused, for such cause as should be deemed sufficient by such court or judge. The right of revocation prescribed by section 6519 of the General Statutes, Revision of 1930, in probation cases may be exercised only for violation of the rules of probation during the term of the probation, which now may not exceed a period of two years. The statute thus specifies both the cause for which and the time within which such a suspension may be revoked. Similarly, in the Act of 1923, which originally conferred the power to grant suspensions indefinitely, both the cause (conviction of another offense) and the time (one year) were specifically prescribed to govern the right of revocation. In omitting entirely any provision for revocation from the 1929 amending act, and in ignoring the recommendation of the judicial council that the right of revocation in such cases be extended to a period of six years, did the Legislature intend that there should be no time limit within which such power should be exercised, and that the cause for revocation should remain discretionary with the court or judge exercising the power?

The changes made in the law by the enactment of the amendment of 1929 must be presumed to have been not without design. *Kelly vs Dewey, supra*, 291.

The Legislature was particularly concerned, not with the revocation of suspensions, but with the correction of the abuse of the exercise of the power of suspension, to which its attention had been directed by the judicial council. The amendment sought to cause the courts to be cautious, and not capricious, in exercising the power to suspend executions, and to impress upon courts that if a particular sentence was warranted, such sentence should be imposed and executed, unless

probationary suspension was warranted, or unless clearly mitigating circumstances justified an indefinite suspension. In either case, to guard against a capricious exercise of the power of suspension, it was required that the reasons upon which such action was based be forthwith spread upon the records of the court.

If the right to revoke an indefinite suspension is to be implied to exist in the face of the absence of specific legislative authority, an offender, whose sentence has been so suspended, is left in a very uncertain situation. He is in effect placed on probation for life and in danger of being required to serve a sentence at some indefinite future time, without regard to how exemplary his conduct may have been in the intervening period. The better his conduct the more certain the blight on his future by the existence of a sentence continuously suspended over him, which the court may at any time require him to serve. To say the least, it becomes an unusual punishment.

Penal statutes are not to be extended beyond the fair import of their language. "They are always to be strictly construed for the benefit of the citizen." *State vs. Penner*, 85 Conn. 481, 484.

The right to revoke an indefinite suspension is useful only to aid in controlling the future conduct of the offender, and as such it becames an instrument employed in an effort to reform him. In our probation statutes the Legislature has adopted a method to give persons covicted of crime an opportunity to reform, and in view of this expressed policy of the legislation of this state, employment of the power of indefinite suspensions for reformatory purposes is unwarranted.

The aim of our probation statutes is reformatory and to bring an offender "who has fallen into evil ways under oversight and influences which may lead him to a better living." *Belden vs. Hugo, supra*, 504. Where the circumstances warrant an effort toward reformation of the offender, no limitation is placed upon the right of the court to exercise its power to suspend execution. Possessing the right to revoke the suspension, the court is authorized to say that the offender will be required to serve his sentence unless his conduct, during the period of probation, conforms to a prescribed standard. This period is now limited by statute to two years. After the expiration of the period of probation, and without regard to any

future misconduct, the offender is no longer in danger of a revocation of the suspension and of being required to serve such sentence. This is the method prescribed by the Legislature for dealing with offenders whose prior conduct may indicate the desirability of reformatory measures.

On the other hand the Legislature has recognized that the existence of mitigating circumstances may warrant the complete suspension of sentence in some instances where an offense, although requiring the imposition of a particular sentence, has been committed by one whose prior conduct does not point to the likelihood that he will again find himself in mischief, and the need for reformatory measures is not indicated. The power of suspension in such cases has been expressly limited by the Legislature to cases where "the mitigating circumstances clearly justify such action." To further guard against the capricious exercise of the power of suspension in such cases, it is also expressly provided that upon such suspension, the court shall cause to be spread upon its records the reasons upon which such action is based. The court is thus authorized in a proper case to say that while the offense merits the sentence which is being imposed, the mitigating circumstances and the prior conduct of the offender justify an indefinite suspension of execution, permitting the offender to go without danger of being required to serve the sentence at some future time.

As has already been noted, wide powers have been given by the Legislature to the courts to deal with offenders. If a specific object is sought to be accomplished in a particular case, the court may continue the case until the desired end is obtained, or it may suspend sentence entirely, or it may impose sentence and suspend execution, retaining the power to revoke the suspension, where reformatory measures are necessary, or it may impose sentence and suspend execution indefinitely, where this action is clearly justified by mitigating circumstances; and these powers may be exercised during or after the adjournment of the session. However, execution of a sentence may not be legally suspended indefinitely unless there is a finding by the court of the existence of mitigating circumstances clearly justifying such suspension and such finding is made part of the record of the case; and it is concluded that when execution is so suspended, no right of revocation exists.

The revocation of the suspension of execution of the sentence

in question, and the commitment of the applicant, were beyond the power of the Town Court of Westport. The demurrer is sustained on the second ground thereof, the writ of habeas corpus is sustained and the applicant is ordered discharged from further custody.