[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 5930
This is an action for the return of a security deposit by the plaintiff tenant after the entry of a stipulated judgement entered against it in a summary process action. The defendant landlord has interposed a two count counterclaim to which the plaintiff has filed the instant motion to strike the second count thereof.
The second count alleges a violation of section 42a-110b commonly referred to as CUTPA.[1] The gravamen of this claim is the institution of this lawsuit by the tenant after the parties had allegedly settled all claims arising from the summary process action by way of a stipulated judgement. Plaintiff claims in its motion to strike, inter alia, that the mere institution of a law suit will not support a CUTPA violation and that the defendant has failed to allege the claimed unfair/deceptive acts to have been conducted in any trade or commerce.
The court agrees with these arguments. Inasmuch as these issues are dispositive of the motion, the court declines to address other issues raised by the parties.
Although defendant argues in its brief that it was plaintiff's entire conduct from settlement negotiations to the institution of this action which constituted the wrongful acts under CUTPA, a fair reading of the allegations contained in both counts can only be interpreted as alleging the specific act of instituting this law suit as the wrongful conduct. [see para. 10 of Count 1]
Our supreme court has recently held that a CUTPA action CT Page 5931 will not lie where the acts in question are reasonably grounded in law. Daddona v. Liberty Home Sales, Inc.,209 Conn. 243, 255-58 (1988). An action to recover a security deposit is clearly authorized by statute. See section 47a-21(2)(g). Since there is no basis to conclude that this action was brought for some improper reason, the claim as alleged in the defendant's counterclaim fails to state a claim upon which relief may be granted under CUTPA.
Additionally, this claim must fail because it lacks an allegation essential to a cause of action under CUTPA. Not only must a claimant allege the nature of the wrongful conduct, it must also allege that such conduct was committed in the course of the wrongdoer's trade or commerce in order to bring the claim within the purview of CUTPA. 42a-110b(a).
It is well settled law that in deciding a motion to strike, all facts well plead and any reasonable inferences reasonably drawn therefrom are to be interpreted most favorably toward the non-moving party. Amedio v. Cunningham,182 Conn. 80, 82 (1980). However, even in applying this rule the court cannot either find any specific allegation that the wrongful conduct was performed in the tenant's trade or commerce, or infer same merely from the fact that the plaintiff was a tenant. In order for the defendant to successfully allege this particular claim, it would have had to allege that the plaintiff was either a professional tenant or was in the business/profession of bringing lawsuits. Neither circumstances can be gleaned from the allegations of the counterclaim. Consequently, the second count is fatally flawed.
For all of the foregoing reasons, plaintiff's motion to strike this count should be and is hereby GRANTED.
MELVILLE, J.