[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants have moved to strike the second and third counts of the complaint claiming that these counts do not allege facts which rise to the level of reckless or wanton misconduct. Since this is so, according to the defendant, there is no basis to the demands made in these counts for double or treble damages pursuant to 14-295 of the general statutes or for common law exemplary damages.
The first count is made under a theory of negligence and alleges that the defendant driver acting as agent for the defendant company was proceeding northerly on a public highway and . . . "crashed violently into the rear of the plaintiff's vehicle." The complaint goes on to say the CT Page 8729 collision and resulting injuries . . . "were caused by the negligence and carelessness of the defendant operator . . ." in one or more of several respects. The complaint then goes on to allege certain negligent actions and operation and then goes on to list violations of 14-218a(a) (speeding), 14-22a (reckless driving) — "he operated his vehicle upon the public highway recklessly having regard to the width, traffic and use of such highway and the condition of the road", and 14-240 (following too closely).
The contested second count repeats the allegations of the first count and in paragraph 22 asks for exemplary and/or punitive damages "based upon the reckless, wilful and wanton misconduct of the defendant operator."
The third count incorporates the allegations of the first count and in paragraph 23 claims that the damages and losses suffered by the plaintiff "were caused by the conduct of the defendant operator deliberately or with reckless disregard, in operating his car in violation of various statutes. Sections 14-222a and 14-218 (a) are referred to in the same language as set forth in the first count. Section 14-222 (a) is further elaborated on in subparagraph b of paragraphg [paragraph g] 23; it is claimed the defendant operator drove his car "at such a rate of speed as to endanger the life of a person other than the operator."
Based on these allegations in the following paragraph the plaintiff moves for double and/or treble damages under14-295 of the general statutes.
In our state the pleading must set forth the facts on which the pleader relies. The plaintiff must allege sufficient facts to support recovery on the theories claimed. Connecticut Civil Procedure. Stephenson, Volume I 83 et seq.
The basis of the defendant's motion to strike is that the second and third counts merely allege the same fact set forth in the first count which is a claim of negligence. The defendant cites a series of recent cases supporting its position, Varlese v. Beers, 3 Conn. L.Rptr 474 (1991), Anderson v. Ansaldi, 8 CSCR 191 (1993), Just v. Arparo, 8 CT Page8730 CSCR 542 (1993). In Anderson the court held that a "brief reference to recklessness, contained within a count which otherwise is clearly limited to ordinary negligence is insufficient to raise a claim of reckless or wanton misconduct." Or perhaps more rhetorically to the point, the court in Just said:
 "A plaintiff cannot transform a negligence count into a count for willful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence . . . . Some additional factual allegations are necessary to alter the nature of conduct complained of from an action for negligence to action for willful and wanton conduct."
As stated in Dubay v. Irish, 207 Conn. 518, 532
(1918), "Recklessness is a state of consciousness with reference to the consequences of one's acts . . . There must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others, or to take reasonable precautions to avoid injury to them. Also see Steigerwald v. U.S. Surgical,8 CSCR 805; (1993); Comparone v. Cooper, 7 Conn. L.Rptr 262 (1992); and Kosbuk v. Queally, 159 Conn. 91, 93 (1970).
Most of these cases rely on the case of Dumond v. Denehy, 145 Conn. 88 (1958). In that case the plaintiff requested the court to charge on reckless and wanton misconduct and to tell the jury contributory negligence is not a defense to reckless operation of a motor vehicle. The trial court did not comply and was upheld. The court said:
 . . . "``a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.' . . . simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." id. page 91.
The case apparently involved a one count complaint wherein the plaintiff alleged that the accident was "caused CT Page 8731 by the negligence, carelessness or recklessness of the defendants" and then detailed 12 allegations of which 11 were in negligence and the other the last clear chance doctrine which was inapplicable to the case.
It is interesting to note that the Dumond case cited as leading authority by the defendant and most of the cases previously mentioned turned on the idea of fair notice to the other side. Certainly, as distinguished from Dumond if one were to look at the complaint in this case, the defendant would know that in this case the plaintiff in count one sues on a negligence theory, and in counts two and three sues on the basis of reckless and wanton conduct; in the third count citing 14-295. It could be argued that if notice were the sole criteria, this motion to strike should fail. The pleadings no longer must go to the jury, liberal discovery rules apply, if during the course of the trial it is evident the plaintiff cannot sustain its allegations on reckless conduct the trial court can require the count to be withdrawn and certainly won't charge on it, of Heslin v. Malone, 116 Conn. 471, 476 (1933). Adopting such an approach would forestall countless motions to revise and strike with little ascertainable prejudice to either side. However, if this can be defined as an ideal world, we're not there yet. Practice Book 108 still requires that each pleading "contain a plain and concise statement of the material facts on which the pleader relies." As was said in Research Associates Inc. v. New Haven Redevelopment Agency, 157 Conn. 587, 588 (1968).
 . . . "the burden rests on the plaintiff to allege a recognizable cause of action, and it is not sufficient that a complaint refer to a basis of liability by some distinctive name . . . [t]he complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a right to relief."
Using these rough guidelines the court grants the motion to strike as to the second count. It merely repeats the factual allegations of the first count, refers to statutory motor vehicle violations made in the first count, and characterizes this "misconduct" as "reckless, wanton, and willful."
In the third count, however, the plaintiff does CT Page 8732 interject the claim that as regards the underlying conduct the defendant operator either acted deliberately or with reckless disregard in violating certain statutes, lists the statutes, and alleges that he operated his vehicle in violation of 14-222 (a) at such a rate of speed "as to endanger the life" of someone other than himself. Whether this language is regarded as separate factual allegations or further embellishment or description of previous factual allegations, it would appear enough to raise facts in the pleadings sufficient to make a claim of reckless conduct — the defendant's state of consciousness regarding his alleged conduct is raised. The motion to strike is denied as to the third count.