[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
Alfano, Halloran Flynn for plaintiff.
Hebb Gitlin for defendant.
This matter involves a motion to strike filed by one of the defendants, Ann Street Limited Partnership. The plaintiffs Oink, Inc. and Boyd Morgan as permittee lease a building for the purpose of running a cafe. Ann Street Limited Partnership owns an abutting property which it leases to Challenges, a commercial tenant. The plaintiffs have sued on the basis that their leased premises were contaminated with sewage and other waste material from the abutting property.
The defendant seeks to strike paragraphs 10(a)-(d) of the Fourth Count which allege violations of Sections 22a-422, 427, 430 and 450 of the General Statutes. These Sections refer to various provisions of the statutory scheme having to do with water pollution control. The defendant claims that these statutory sections do not provide for private causes of action.
The defendant also has moved to strike the Sixth Count on the grounds that it fails to allege sufficient factual allegations to support a claim for reckless misconduct. Therefore they also move to strike the claim for punitive damages because it must be based on the reckless misconduct count. CT Page 10629
The defendant finally has moved to strike the Tenth Count which makes a claim for nuisance on the basis that the plaintiffs have failed to allege that Ann Street controls the premises it rents to the co-defendant which are the source of the nuisance.
1.
As will be discussed, the defendant, Ann Street, first seeks to strike the claim set forth in a portion of the Fourth count — paragraphs (a) through (d) which seek to base a private cause of action on the state Water Pollution Control Act.
Perhaps a request to revise would have been appropriate here but the Tenth Count does appear to set out separate causes of action. In Andrews v. Caron Brothers,6 Conn. L. Rptr. 214 (1992), the court permitted a motion to strike individual subparagraphs alleging separate statutory violations because the subparagraphs constituted separate causes of action. See Donovan v. Davis, 85 Conn. 394, 397
(1912). The plaintiffs have raised no procedural objections to the court's addressing the claims made in the motion to strike as regards these subparagraphs of the Fourth Count.
The question before the court on the first matter raised by the motion to strike is whether the legislature intended to provide a private cause of action for violation of the Water Pollution Control Act. The statutory subsections on which the plaintiff seeks to base the suit are part of a broad regulatory scheme administered by the State Commissioner of Environmental Protection. Broad powers are given to the Commissioner to control and abate pollution, Section 22a-425; to require permits for continued operation if "water, substance or material" is discharged Section 22a-430; to secure injunctive relief Section 22a-435; and to assess penalties against offenders Section 22a-438. Any person or municipality aggrieved by the Commissioner's orders have hearing rights and an ultimate right to appeal to the Superior Court, Sections 22-436, 437. The Act does not explicitly provide for a private cause of action. Cases that have considered whether a cause of action can be based on the Act have ruled that such a cause of action cannot be maintained,Andrews v. Caron Brothers, 6 Conn. L.Rptr. 214 (1992), WiehlCT Page 10630v. Dictaphone Corp., 10 Conn. L.Rptr. 591 (1994), Michael v.Kenyon Oil Co., 4 CSCR 337 (1989), cf. Diamond v. Marcunek,226 Conn. 737, 748 (1993) holding the Commissioner has power to enforce the Water Pollution Control Act and formulate and issue regulations.
The mere fact that the legislature passes a statute protecting a class of persons or a public interest but does not provide for a civil remedy does not mean there is no private cause of action created by the legislation. A court "may, if it determines that the remedy is appropriate, in furtherance of the purpose of the legislation and needed to assure the effectiveness of the (statutory) provision" accord to an injured party a right of action "using a suitable existing tort action or a new cause of action analogous to an existing tort action." Restatement (Second) Torts, § 874 A, see discussion in Sherman v. Field Clinic, 394 N.E.2d 154
(1979), cf Scroggins v. Allstate Insurance Co., 393 N.E.2d 718,723 (1979).
Applying the tests set out in Section (h) of the Restatement (§ 874A) it would not seem appropriate to hold that the Water Pollution Control Act provides a private cause of action. The Water Pollution Control Act sets up a complicated and detailed regulatory scheme with broad powers to protect the public vested in a state agency, Rest. 874A (h)(1). There is no need to create a private cause of action to enforce the purposes of the Act and the injured party already has a battery of common law remedies that can be utilized to bring suit against an alleged polluter Rest, § 874A(h)(2). If such a cause of action were to be permitted contradictory judicial interpretations of the Act and Regulations could lead to confusion in industries and among individuals subject to regulation by the Commissioner. Neither is this a case where we have statutorily imposed regulation of businesses or industries who by their very nature and in the very type of activities they always engage in are in strong and unequal bargaining position vis a vis the people they deal with, cfSherman v. Field Clinic, supra, court permitted private cause of action under statute regulating bill collecting practices that did not itself provide a private cause of action, also cfEpiscopal Diocese v. Continental Casualty Co.,11 Conn. L. Rptr. 610 (1944), private cause of action permitted under CUIPA. CT Page 10631
It is also true that the plaintiff has not presented any information about the nature of the pollution conditions sought to be regulated so that this court can have some basis to conclude that creation of a private cause of action would either assist the regulatory purpose or make up for the fact that the regulatory agency does not have the statutory tools or will to accomplish the legislative goals (Rest., § 874A(h(3).
The motion to strike paragraphs (a) through (d) of the Fourth Count is granted.
2.
The defendant also moves to strike the Sixth Count which is based on a claim of Reckless Misconduct and argues that such a claim cannot be established here since the allegations "sound in negligence."
The Sixth Count incorporates the 1st through 9th paragraphs of the Second (Negligence) Count against the defendant. Paragraph 7 of that count says that the defendant from time to time permitted or allowed sewage to be discharged from its building; paragraphs 8 and 9 sets forth the damage and expense caused by such discharge. The Second Count in paragraph 10 (not a part of the Sixth Count) states that in acting as it did the defendant failed to exercise due care in order to prevent the discharge of sewage.
The Sixth Count seeks to make out a reckless misconduct claim through the addition of two paragraphs which read as follows:
 "10. The defendant, Ann Street Limited Partnership, knew or reasonably should have known that allowing the discharge of sewage and other wastes from the defendant Ann Street's building would result in the release or other discharge of contaminants to the waters of the state in violation of Connecticut General Statutes Chapter 446K.
 11. The defendant, Ann Street Limited Partnership, failed to take adequate steps to prevent said contamination from occurring in reckless disregard CT Page 10632 of the laws of the State of Connecticut and the United States as well as the rights and safety of others."
It should also be noted that in the Fourth Count the plaintiffs make a claim of negligence per se against the defendant alleging it violated the state Water Pollution Control Act and the federal act aimed at water pollution control.
In the 10th and 11th paragraphs of the Sixth Count, the plaintiffs allege the same actions with regard to the discharge of sewage and failure to prevent it that form the basis of the earlier negligence and negligence per se counts. In these counts the added allegations are made that the defendant "knew or should have known" that allowing the discharge would contaminate the plaintiffs' property in violation of state statute and failed to "prevent said contamination" in violation of state and federal statutes. Should use of the quoted language regarding mental state permit the actions allegedly engaged in by defendant coupled with that alleged mental state to form the basis of a reckless misconduct count?
In other words, is what is really a negligence claim being improperly changed into a reckless misconduct cause of action. Several cases have discussed this issue, Varlese v.Beers, 3 Conn. L.Rptr. 474 (1991), Anderson v. Ansaldi,8 CSCR 191 (1993), Just v. Arparo, 8 CSCR 542 (1993). In Anderson
the court said a "brief reference to recklessness, contained within a count which otherwise is clearly limited to ordinary negligence is insufficient to raise a claim of reckless or wanton misconduct."
The court in Just said:
 "A plaintiff cannot transform a negligence count into a count for willful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence . . . . Some additional factual allegations are necessary to alter the nature of conduct complained of from an action for negligence to action for willful and wanton conduct." CT Page 10633
As stated in Dubay v. Irish, 207 Conn. 518, 532 (1918), "Recklessness is a state of consciousness with reference to the consequences of one's acts . . . . There must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others, or to take reasonable precautions to avoid injury to them. Also see Steigerwald v.U.S. Surgical, 8 CSCR 805 (1993); Comparone v. Cooper,7 Conn. L. Rptr. 262 (1992); and Kosbuk v. Queally, 159 Conn. 91, 93
(1970).
Most of these cases rely on the case of Dumond v. Denehy,145 Conn. 88 (1958). In that case the plaintiff requested the court to charge on reckless and wanton misconduct and to tell the jury contributory negligence is not a defense to reckless operation of a motor vehicle. The court said:
 . . . "`a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.' . . . simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Id. page 91.
The case apparently involved a one count complaint wherein the plaintiff alleged that the accident was "caused by the negligence, carelessness or recklessness of the defendants" and then detailed 12 allegations of which 11 were in negligence and the other the last clear chance doctrine which was inapplicable to the case.
It is interesting to note that the Dumond case cited as leading authority by the defendant and most of the cases previously mentioned turned on the idea of fair notice to the other side. Certainly, as distinguished form Dumond if one were to look at the complaint in this case, the defendant would know that in this case the plaintiffs in the Second and fourth Counts sue on negligence and negligence per se theories and in the Sixth Count specifically seek to sue on a reckless misconduct theory. It could be argued that if notice were the sole criteria, this motion to strike should fail. The pleadings no longer must go to the jury, liberal discovery rules apply, if during the course of the trial it is evident the plaintiff cannot sustain its allegations on reckless conduct the trial court can require the count to be withdrawn CT Page 10634 and certainly won't charge on it, cf. Heslin v. Malone,116 Conn. 471, 476 (1933). Adopting such an approach would forestall countless motions to revise and strike with little ascertainable prejudice to either side. However, Practice Book § 108 still requires that each pleading "contain a plain and concise statement of the material facts on which the pleader relies." As was said in Research Associates, Inc. v.New Haven Redevelopment Agency, 157 Conn. 587, 588 (1968):
 "The burden rests on the plaintiff to allege a recognizable cause of action, and it is not sufficient that a complaint refer to a basis of liability by some distinctive name . . . [t]he complaint is required to set forth facts upon the basis of which, if true, he (sic) may be able to establish in law a right to relief."
Using these guidelines, the motion to strike the Sixth Count and the ancillary claim for relief should be granted. Nothing in the language of the complaint alludes to any particular facts or course of conduct to support the allegation that the defendant acted recklessly or with an actual intention to violate state or federal statutes. The fact that there may have been discharge of waste and that statutes may have been violated does not make the purported wrongdoer a reckless or intentional actor relative to the dangers presented by his or her activities.
3.
The defendant claims the Tenth Count alleging nuisance must be stricken since "a lessor is not liable for a nuisance created upon leased premises where the nuisance did not exist when the premises were leased or was not a result reasonably anticipated from their use for the purpose and manner intended." The defendant cites Corrigan v. Antipit, 131 Conn. 71,75 (1944) and Swift Co. v. Peoples Coal Oil Co.,21 Conn. 579, 592 (1936) to support this proposition. As theSwift court points out "having leased the premises, the landlord ordinarily is without power to control their use" id. at page 592; the important inquiry is "whether the portion of the property on which the condition exists is in the landlord's control or the tenant's." State v.Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 184 (1987). CT Page 10635
But facts alleged in a complaint are to be construed in the most favorable way for the plaintiff. Amodio v.Cunningham, 80 (1980). Paragraphs 4 through 7 of the Tenth Count do seem to allege that requisite degree of control to sustain a nuisance claim — in Paragraph 7 it is claimed that (apparently while the lease was going on and during the time of sewage discharge) the defendant, Ann Street "permitted or allowed" the discharge. Furthermore, paragraph 6 can be taken to read that the discharge resulted from the internal structure of the building's drainage system which again can be construed to have been in the same condition as when the lease commenced; the paragraph can be construed as alleging the drainage system caused the unwelcomed discharge.
The motion to strike should not be granted as to this count and it prematurely raises issues that would perhaps be better dealt with by a later motion for summary judgment after discovery or at trial.
The motion to strike the nuisance count is denied.
Corradino, J.