[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
In this action for personal injury arising from a motor vehicle accident, defendant moves to strike count two which alleges wanton, willful and reckless conduct by the defendant as well as plaintiff's claims for common law punitive damages and double or treble damages under General Statutes § 14-295.
In count one, plaintiff has alleged in addition to a number of common law specifications of negligence, a violation of General Statutes § 14-222a, the reckless driving statute.
In count two, plaintiff alleges that her injuries were due to the "willful, wanton and reckless misconduct and disregard" of the defendant which consisted of "her operating her vehicle at a rate of speed that endangered the lives and limbs of persons lawfully upon said highway."
Defendant argues that plaintiff has not alleged sufficient facts beyond those alleged in the negligence claims to support her claims for wilful, wanton or reckless conduct and her claims for the punitive or extra statutory damages.
Different views have been expressed in various Superior Court decisions as to the sufficiency of the facts which must be alleged to support a claim for extra damages under General Statutes § 14-295 and a claim for common law punitive damages based on allegations of willful, wanton or reckless conduct of a tortfeasor.
This court adopts the view that a claim for extra damages under General Statutes § 14-295 is maintainable once an allegation of reckless driving has been made under § 14-222(a) so long as the broad elements of that statutory violation have been alleged, even if no additiknal facts are alleged beyond those in the negligence claims. Ogletree v. Brown, 9 CSCR 908
(August 29, 1994 Lewis, J.). CT Page 1494
This court also adopts the view that in seeking common law punitive damages, based on a claim of willful, wanton or reckless conduct, the plaintiff must allege facts going beyond the specifications of negligence otherwise asserted. In this case the plaintiff has alleged that the defendant was operating her automobile at a speed that "endangered lives." This is sufficient, although barely, to support the claim based on wanton or willful conduct and common law punitive damages. Knoblach v. Atlantic Ventilating equipment, Inc.,8 CSCR 1253 (December 20, 1993, Corradino, J.).
Motion to Strike denied.
Wagner, J.