[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#122)
On January 10, 1995, the plaintiffs, Rebecca and Dennis Fusaro, filed a three count complaint against the defendants, Waldbaum, Inc. and The Great Atlantic Pacific Tea Co., Inc., dba Waldbaum's Food Mart ("Waldbaum's"), Franklin Distributors, Inc., and Clearly Canadian Beverage Corp. Count one sets forth a claim of negligence against the three defendants, while counts two and three set forth a product liability claim, pursuant to the Product Liability Act, General Statutes § 52-572m et seq., against the three defendants.
On July 10, 1995, Waldbaum's filed a motion to strike counts one and three of the plaintiffs' complaint, as well as the plaintiffs' third prayer for relief, and a memorandum of law in support thereof. In response, on September 11, 1995, the plaintiffs filed a memorandum of law in opposition.
Waldbaum's argues that count one should be stricken because where, as here, a plaintiff sets forth a claim pursuant to the Product Liability Act, as the plaintiffs herein have done in the second count of their complaint, any additional claims based upon negligence are precluded by the Act. This court has already ruled upon this issue in Memorandum of Decision on Motion to Strike #110, CT Page 10814 filed August 2, 1995. Accordingly, Waldbaum's motion to strike count one is denied.
Additionally, Waldbaum's argues that count three should be stricken, on the ground that it fails to allege sufficient facts to support a claim of recklessness. The only allegation contained in count three of the plaintiffs' complaint, that is not also alleged in count two, is ¶ 10 which claims that:
 [t]he injuries of the plaintiff is the result of the defendants' reckless disregard for the safety of consumers like the plaintiff in that they designed, manufactured, distributed and sold the product and/or the product display when they knew or should have known of the dangers of placing the product and/or product display into the stream of commerce.
Nowhere in count three do the plaintiffs specifically set forth factual allegations to support their claim that the defendants knew, or had sufficient facts before them to know, that their actions involved "a serious danger to others," and that, despite knowledge of this substantial risk, nonetheless proceeded to make a conscious choice to disregard said risk. See, e.g., Oink, Inc.v. Ann Street Limited Partnership, 12 Conn. L. Rptr. 547, 548-50 (October 19, 1994, Corradino, J.). Accordingly, count three is insufficiently plead, and Waldbaum's motion to strike said count is hereby granted.
Finally, Waldbaum's argues that the plaintiff's third prayer for relief, seeking attorney's fees pursuant to General Statutes § 52-240a, should be stricken because said claim is a judicial determination made post judgment pursuant to the request of any party, rather than an appropriate prayer for relief. The court agrees. See Pontillo v. West Farms Associates,11 Conn. L. Rptr. 329
(April 13, 1994, Aurigemma, J.). Accordingly, Waldbaum's motion to strike the plaintiff's third prayer for relief is also granted.
BY THE COURT, STANLEY, J. CT Page 10815