[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
In this case the plaintiff alleges it owns a parcel of land adjacent to property owned by the defendants. The plaintiff alleges its property was contaminated when substances migrated from the defendants property on to its property.
The plaintiff's action was brought in several counts. The defendant has moved to strike the First Count (Ultrahazardous Activity), Second Count (private nuisance, a paragraph in the Third Count alleging trespass, Fifth Count (violation of state statutes and Regulations — negligence Per Se), Sixth and Seventh Counts (Statutes and Regulations — Private Cause of Action), and the Request for Injunctive Relief.
FIRST COUNT
The court will strike the first count given the nature of the allegations made and relies on a recent decision it prepared in a case raising the same issue which is attached as an appendix,Conn. Water Co. v. Town of Thomaston, et al, CV94 0535590S. As noted in that decision the gravamen of an ultrahazardous activity claim is that if there is an activity that is valuable to the community so that it should be allowed to continue and a person reaps profit or convenience from that activity persons harmed by that activity should be able to hold the party conducting the activity liable in strict liability if no matter what steps the party takes to avoid injury to others and no matter how non-negligent the party is, harm will result. Strict liability is somewhat draconian and in some instances it should be imposed but unless the pleadings incorporate an allegation such as that just mentioned almost any negligent activity could support a strict liability claim. The case of SNET Co. v. Ronald Clifford,5 Conn. L. Rptr. 231 (1991) denied a motion to strike in a gasoline storage case but in referring to the allegations of the count on ultrahazardous activity which it refused to strike the court noted that the count alleged "the circumstances of the gasoline's use involved a risk of probable injury did in fact occur as a result." CT Page 1624
Since pleadings must be read in a manner most favorable to the pleader the SNET Co. case properly refused to strike the ultrahazardous activity alleged in the third count of the complaint in that case. Since strict liability for storage activity is a developing area and the courts generally are reluctant to extend the doctrine pleadings must exactly set forth the claim so it can be properly tested by means of summary judgment or at trial.
SECOND COUNT
A request to revise would certainly have been a good idea in this case but a motion to strike like the old demurrer tests the legal sufficiency of a complaint Practice Book § 152 (motion to strike) must be read in conjunction with Practice Book § 108 and 109 which underlines the obvious — we are a fact pleading not a notice pleading state.
Practice Book § 108 states:
 "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies. . . ."
Practice Book § 109 states:
 "Acts and contracts may be stated according to their legal effect but in so doing the pleading should be such as to fairly apprise the adverse party of the which it is intended to prove (emphasis added)."
Certainly the defendants here have notice of the legal claim made against them in this count but the count still lacks the necessary factual allegations to support the claim. Failure to so allege these facts even where a request to revise has not been filed can be used as a basis for a motion to strike. As noted inMoller v. Horton, Connecticut Practice in their commentary to Practice Book § 108 at page 275.
 "All claims must be supported by factual allegations. Otherwise a motion to strike, Pepper v. the American Way Homes, Inc.,
6 CLT #26, p. 17 (1980) or a request to revise is appropriate, Rodriquez v. Mallory Battery Co. 188 Conn. 145, 146 (1982) is appropriate." CT Page 1625
As said in Smith v. Furness, 117 Conn. 97, 99 (1933):
 "The adverse party has the right to have the facts appear so that the question whether they support the conclusion may be determined and that he (sic) may have the opportunity to deny them. . . . A pleading defective in alleging a conclusion without facts to support it is demurrable."
There is no indication in these pleadings what the factual allegations are to support each of the necessary elements of private nuisance action especially as regards the requirement that the use of the land was unreasonable or unlawful, or that the condition complained of had a natural tendency to inflict injury on neighboring property.
THIRD COUNT
Whether migration of chemicals, dust particles or other substances on to a neighbor's property constitutes trespass is a complicated question. I will not grant a motion to strike on the bare grounds that a trespass claim in this context is a strict liability claim and must be stricken for that reason alone. No reason has been suggested by counsel why a trespass action as such shouldn't lie here. I will deny the motion to strike as to the third count.
FOURTH COUNT (PAR. 16q)
Paragraph 16q should be deleted in accordance with prior orders of the court.
FIFTH COUNT
I will strike this count in reliance on a recent decision which I have appended. I do not base this ruling on the allegation that causation has not been properly alleged.
As to the allegations made under federal statutes, 42 U.S.C. § 6991
et seq. I believe that a private cause of action does not exist for alleged release of petroleum products, Winston v. ShellOil Co., 861 F. Sup. 713, 716-717 (C.D. Ill 1994, cf. EdisonElec. Inst. v. USEPA, 2 F.3d 438, but see Zands v. Nelson,
CT Page 1626779 F. Sup. 1254 (S.D. Cal).
In any event 42 U.S.C. § 6972 contains mandatory language that so-called "citizens" suits of this type "shall" be brought in Federal district court.
Moreover as the defendants note private parties can bring suit under this federal act only if they are acting as private attorneys general rather than pursuing a private remedy, CommerceHolding Co., Inc. v. Buckstone, 749 F. Sup. 441, 445 (E.D.N.Y., 1990), Environmental Defense Fund v. Lamphier, 714 F.2d 331, 337
(CA 4, 1983).
Because the federal statutes do not provide a basis for a private cause of action it would be anomalous to say that they could be used to set a negligence per se standard, see FrederickL. v. Thomas 578 F.2d 513, 417 (CA 3, 1978) and in light of the specific federal case law to this effect for a state court to so hold might raise the possibility of a violation of the Supremacy Clause of the federal constitution.
SIXTH AND SEVENTH COUNTS
Insofar as these counts base a private cause of action on our environmental statutes, Superior Court cases that have considered whether a cause of action can be based on our Water Pollution Control Act have ruled that such a cause of action cannot be maintained, Oink Inc., et al v. Arm Street Limited Partnership, etal., 12 Conn. L. Rptr. 547 (1994). Wiehl v. Dictaphone Corp.,10 Conn. L. Rptr. 591 (1993), Andrews v. Caron Brothers,6 Conn. L. Rptr. 214 (1992), Michael v. Kenyon Oil Co., 4 CSCR 337 (1989).
As just noted the federal courts have given a similar interpretation to an analogous statutory scheme. A separate value should be attached to uniformity of approach by state and federal law (statutory and court) to the activities of parties subject to state and federal regulation for the same activity unless a good reason to take a different approach is warranted.
In any even I will strike the sixth and seventh counts.
Injunctive Relief
If a nuisance claim is properly alleged I would not strike the claim for injunctive relief and I don't believe under those CT Page 1627 circumstances that it, should be stricken, Nair v. Thaw,156 Conn. 445, 452 (1968).
Thomas Corradino, Judge