[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pullman Comley for plaintiff.
McGrail, Carroll Sheedy for defendant.
This action arises out of an automobile accident in Greenwich. In her revised complaint, dated April 7, 1994, the plaintiff, Rosemarie Ogletree, alleges that on October 24, 1991, while traveling south on I-95, her vehicle was struck from the rear by a vehicle operated by defendant James Brown and owned by defendant John Goodwin and/or defendant Point Lobster Company. In counts one and three, plaintiff alleges negligent conduct and in counts two and four, reckless conduct in violation of General Statutes §§ 14-218a and 14-222. Plaintiff seeks multiple damages as authorized by General Statutes § 14-295.
Defendants have filed a motion (#116) to strike counts two and four of plaintiff's complaint, on the grounds that plaintiff fails to state conduct sufficient to support a cause of action sounding CT Page 7568 in reckless misconduct. "The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.) Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93,463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34,36, 552 A.2d 1235 (1987). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980).
In count one, plaintiff alleges that defendant Brown operated recklessly in violation of General Statutes § 14-222; traveled unreasonably fast in violation of General Statutes § 14-218a; and committed a number of common law violations, including a lack of proper control and reasonable lookout, a failure to apply brakes or to turn so as to avoid a collision; unsafe changed of lanes, and failure to use reasonable care. In count two, plaintiff alleges that defendant Brown "operated said motor vehicle with reckless disregard for the safety, health and well-being of persons such as the plaintiff and such reckless disregard is a substantial factor in causing the injuries suffered by the plaintiff. . . ." The plaintiff then repeats the paragraphs in count one which allege violations of General Statutes § 14-218a and 14-222, speeding and reckless driving, respectively, two statutes that are enumerated in § 14-295. In count three plaintiff states that the defendants Goodwin and/or Point Lobster, Inc. are liable for the acts of their driver, James Brown. In count four, plaintiff simply incorporates the recklessness allegations found in count two.
As a general proposition, if ". . . one count of a complaint sounds in negligence and another count attempts to sound in recklessness by relying on the same fact pattern as the negligence count and simply referring to such conduct as recklessness, a cause of action for recklessness has not been sufficiently alleged." Anderson v. Ansaldi, 8 Conn. L. Rptr. 242 (January 22, 1993, Berger, J.); see also Steigerwald v. U.S. Surgical,8 CSCR 805 (August 2, 1993, Spear, J.); Comparone v. Cooper, 7 Conn. L. CT Page 7569 Rptr. 262 (August 27, 1992, Lewis, J.). These cases cite toDumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958): "[w]e reiterate, and in so doing add emphasis to what we said in Brockv. Waldron, 127 Conn. 79, 80, 14 A.2d 713: `[t]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." Dumond v. Denehy, supra, 91. However, in the present case we are not dealing with common law violations, but rather with two statutory violations. General Statutes § 14-295
provides that the trier of fact may award enhanced damages if "the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation" of certain statutes, including § 14-218a and § 14-222. The plaintiff in the present action had clearly alleged in her complaint that the defendant Brown violated these two statutes, and that such violations were substantial factors in causing her to sustain injuries. Thus, plaintiff has adequately invoked the provisions of § 14-295, which is a very clear and explicit statute, and one not warranting judicial interpretation premised on supposed ambiguities. The court finds that § 14-295 does not require the same degree of specificity in alleging violations of statutes that is necessary to properly plead common law allegations of negligence and recklessness.
Thus, the motion to strike is denied.
LEWIS, JUDGE