[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This action arises out of a three car accident which occurred on November 15, 1991. On August 5, 1994, the plaintiff, Willie Prince, filed a four count revised complaint. The first count, which sounds in negligence, is brought against defendants Gilling and Toyota Motor Credit Corporation.
The plaintiff alleges the following in the first count. on November 15, 1991, the plaintiff was a passenger in a vehicle operated by Frances Raimbeau. Defendant Gilling, acting as agent for Toyota Motor Credit Corporation, was operating a Toyota Pickup when he collided with the Raimbeau vehicle. Defendant Lanes, while operating his vehicle, collided with the Raimbeau vehicle. The plaintiff's injuries and losses were caused by the carelessness and negligence of defendants Gilling and Toyota Motor Credit Corporation in one or more of the following respects: (a) Defendant Gilling operated the Toyota pickup at an excessive rate of speed in violation of General Statutes § 14-218(a); (b) Defendant Gilling operated the Toyota pickup at a rate of speed greater than was reasonable, having regard to the width, traffic and use of the highway, the intersection of streets and the weather conditions, in violation of General Statutes § 14-218
(a); (c) Defendant Gilling failed to keep a reasonable and proper lookout for other motor vehicles upon the highway; (d) Defendant Gilling failed to keep the Toyota pickup under proper and reasonable control; (e) Defendant Gilling was inattentive to the operation of the Toyota pickup; (f) Defendant Gilling failed to take reasonable precautions to CT Page 2566 avoid the collision; (g) Defendant Gilling failed to have lighted headlamps on his Toyota pickup in violation of General Statutes § 14-96a.
The second count, which is the subject of this motion to strike, sounds in recklessness and is brought against defendants Gilling and Toyota Credit Corporation. The plaintiff reiterates the allegations of paragraphs 1 through 19 of count one, set out above, which sound in negligence. The plaintiff further alleges that his "injuries and losses were caused by the recklessness of defendants Gilling and Toyota Motor Credit Corporation in that defendant Gilling deliberately or with reckless disregard operated the Toyota pickup upon the highway recklessly, having regard to the width, traffic and use of such roadway, the intersection of streets and the weather conditions, in violation of § 14-222 of the Connecticut General Statutes, such violation being a substantial factor in causing the plaintiff's injuries."
In the third count, the plaintiff alleges that his injuries and losses were caused by the negligence of defendant Lanes. The plaintiff alleges that defendant Lanes was speeding, that he failed to keep his vehicle under reasonable control, and that he failed to use his headlights.
In the fourth count using substantially the same language as in the second count, the plaintiff alleges that his injuries and losses were caused by the recklessness of defendant Lanes in that defendant Lanes operated his vehicle upon the highway recklessly, in violation of General Statutes § 14-222. The plaintiff claims that as a result of defendant Lanes' recklessness, the plaintiff suffered serious personal injuries.
The plaintiff claims compensatory damages, double and/or treble damages pursuant to General Statutes § 14-295, and any other relief as the court deems fair and just.
On September 16, 1994, defendant Gilling (hereinafter "defendant") filed a motion to strike the second count of the plaintiff's revised complaint and claim for double or treble damages on the ground that the plaintiff has failed to sufficiently set out a factual basis to support its claim of recklessness. CT Page 2567
As required by Practice Book § 152, the defendant filed a memorandum of law in support of his motion to strike and the plaintiff has timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Morav. Aetna Life Casualty Ins. Co., supra, 13 Conn. App. 211. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm ApplicationsCo. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 549-50,427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v.People's Bank, 219 Conn. 465, 471, 549 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc.,196 Conn. 91, 108-09, 491 A.2d 368 (1985).
In his memorandum of law in support of his motion to strike, the defendant argues that the legal conclusions set forth in the second count of the revised complaint are CT Page 2568 inadequate as a matter of law, in the absence of specific facts which would bring the case within General Statutes section 14-295. The defendant further argues that "[t]he case law on this issue indicates that the enhanced damages statute is of such a nature as to require reasonably strict construction, and must be adjudicated in such a manner as not to extend its application beyond its clear terms." Finally, the defendant argues that "[t]he legislative history of P.A. 88-229 indicates that the drafters of the current statute intended to make the determination of the applicability of the statute as fact-specific as possible."
The plaintiff, in her memorandum in opposition to the defendant's motion to strike, argues that he has pleaded sufficient facts to support a claim of recklessness pursuant to General Statutes § 14-222. The plaintiff further argues that an award of double or treble damages against the defendant is appropriate because General Statutes § 14-295
applies. Finally, the plaintiff argues that Toyota Motor Credit Corporation ("TMCC") was the owner-lessor of the Toyota pickup that defendant was operating, and therefore, pursuant to General Statutes § 14-154a, TMCC is also subject to liability under General Statutes § 14-295.
General Statutes § 14-295 states, in pertinent part:
 In any action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has deliberately or with reckless disregard operated a motor vehicle in violation of sections 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-243, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
In Connecticut, there is a split of authority on the issue of whether a plaintiff must plead facts which support a claim of reckless conduct in addition to pleading a specific statutory violation to which General Statutes § 14-295 refers. There are essentially two lines of cases that address this CT Page 2569 issue.
In the first line of cases, courts have interpreted § 14-295 to require more than simply pleading that the defendant has violated one of the statutory sections enumerated in § 14-295. One court explained that "[a]wards of double or triple damages under 14-295 are not required simply because a defendant has been found to have violated one of the named statutes. Rather, such damages are assessed based on the degree of the defendant's culpability." (Internal quotation marks omitted.) Jimenez v. Schell, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 13 72 65 (November 8, 1994, Lewis, J.) This view requires that when a "complaint alleges recklessness it must use explicit language that informs both the court and the defendant what conduct is relied upon." Fisher v. Irby, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 30 96 22 (February 1, 1994, Ballen, J.) These courts have stated that "[the] reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Castrovillari v. Bourse, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 12 93 51 (March 3, 1994, Lewis, J.) See Jones v. Albee,
Superior Court, Judicial District of New Haven at New Haven, Docket No. 34 99 98 (November 3, 1993, Hartmere, J.) (a brief reference to General Statutes § 14-222, contained within a count which otherwise is clearly limited to ordinary negligence, is not sufficient to raise a claim of reckless misconduct); Meiliken v. Romano, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 13 13 03 (April 28, 1994, Lewis, J.) (the majority of courts require facts sufficient to inform the defendant of what acts were reckless regardless of whether the claim is based on a statute or on common law); Castrovillari v. Bourse, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 12 93 51 (March 3, 1994, Lewis, J.) (motion to strike granted on grounds that plaintiff failed to allege a sufficient factual basis to support a cause of action for recklessness and failed to allege sufficient facts to accompany the statutory incantation); Bivens v. Brewster, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 30 85 88 (March 22, 1994, Rodrequez, J.) (the plaintiff must do more than reiterate the facts alleged in their negligence counts in order to make out a claim for reckless violations of any of CT Page 2570 the statutes referred to in General Statutes § 14-295);Minervini v. Pierce, Superior Court, Judicial District of Waterbury, Docket No. 11 19 87 (January 22, 1993, Sylvester, J.) (where the plaintiff realleges a cause of action in negligence and adds to it the allegation of deliberately and/or recklessly operating a motor vehicle in violation of General Statutes §§ 14-218a and 14-222, the plaintiff has failed to allege sufficient additional facts to demonstrate recklessness); See also Lezotte v. Hanover Insurance Co.,
Superior Court, Judicial District of Waterbury, Docket No. 11 20 67 (January 6, 1993, Sylvester, J.); Markham v. Fleury,
Superior Court, Judicial District of New London at New London, Docket No. 52 67 75 (April 29, 1994, Leuba, J.); Santiago v.Drolet, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 51 43 12 (May 26, 1993, Hennessey).
Under the second line of cases, however, the plaintiff is only required to plead that the defendant has violated one or more of the statutory provisions enumerated in General Statutes § 14-295. According to this view, pleading violation of the statute is sufficient to invoke the double and treble damages provision of the statute. Spencer v. King,10 Conn. L. Rptr. 48, 49 (September 16, 1993, Higgins, J.) These courts hold that there is no need to require specificity when pleading statutory rather than common law recklessness.Solarzano v. Wilson, Superior Court, Judicial District of New Haven at New Haven, Docket No. 35 68 85 (Nov. 10, 1994, Zoarski, J.)
In distinguishing common law actions from statutory violations courts have said "in those instances [common law actions] it is clearly necessary to plead a cause of action grounded in recklessness separate and distinct from a negligence action." Spencer v. King, supra, 48. See alsoSolarzano v. Wilson, supra, (section 14-295 does not require the same specificity of pleading which is required to support a cause of action predicated on common law recklessness.) In denying the defendant's motion to strike the court in Spencer
stated "[t]he plaintiff here has pled [sic] that the defendant with reckless disregard, operated his motor vehicle in violation of General Statutes 14-218a and 14-222. . . . He has, therefore, sufficiently pled his entitlement to multiple damages under General Statutes § 14-295, and the motion to strike the prayer for relief and claims of recklessness are CT Page 2571 therefore denied." Spencer v. King, supra, 49. See Ogletreev. Brown, 9 CSCR 908, Judicial District of Stamford/Norwalk at Stamford, Docket No. 13 47 78 (July 29 1994, Lewis, J.) (where the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of certain statutes, including §§ 14-218a
and 14-222, the plaintiff has adequately invoked the provisions of § 14-295.)
The courts that follow the reasoning in Spencer have said that "[w]hen the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct. (Citations omitted.) Lombardo v. Norman, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 12 73 05 (December 27, 1993, Nigro, J.) See Ogletree v.Brown, supra, (General Statutes § 14-295 is a very clear and explicit statute, and one not warranting judicial interpretation premised on supposed ambiguities.)
It is well established that causes of actions for negligence and recklessness are separate causes of action.Warner v. Leslie-Elliott construction Inc., 194 Conn. 129,138 (1984); Dumond v. Denehy, 145 Conn. 88, 91 (1958); Brookv. Waldron, 127 Conn. 79, 80 (1940).
However, in Connecticut a plaintiff is allowed to plead in the alternative. In this case, the plaintiff has concededly made out a case of negligence in his first count. In the opinion of this court by adopting in count two the recitation of facts in paragraph 17 of count one and adding that the defendant performed these acts "deliberately or with reckless disregard — having regard to the width, traffic and use of such roadway, the intersection of streets and the weather conditions in violation of § 14-222 of the Connecticut General Statutes" he has adequately invoked the provisions of § 14-295, has adequately informed the defendant of his intention as to proof albeit he has substantially increased his burden of proof and has met the essential requirements of pleading, i.e. "- the essential requirement of the complaint is that it show not only the legal theory on which the complaint is based but the general outline, at least, of the facts and circumstances involved." 1 Stephenson, Conn. Civ. Proc. (2nd Ed.) § 86. He has by these additions not only informed the defendant that he claims recklessness but has CT Page 2572 informed him that he will attempt to prove that some or all of the facts alleged amount to a deliberate act and/or that defendant knew or had reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the plaintiff but also involves a high degree of probability that substantial harm will result to him. Brock v. Waldron,127 Conn. 79, 84 (1940) quoting Restatement, 2 Torts § 500. Reckless misconduct is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. Bordanaro v. Senk, 109 Conn. 428,431 (1929); Dubay v. Irish, 207 Conn. 518 (1988).
The pleading in this case fulfills the requirements of section 108 of the Practice Book. It contains a concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved.
To the extent that some of the pleadings contain some reference to legal effect they conform to Practice Book section 109 since they fairly "apprise the adverse party of the state of facts which it intends to prove."
The requirements of section 109A are also fulfilled since the reckless cause of action contained in count two is specifically identified by its statutory number. It is also interesting to examine Practice Book Form 904.5 and note that the plaintiff has plead C.G.S. section 14-222 exactly the same way as in the form, e.g. subsection a and b wherein only the words of the statutory section are used.
The defendant's Motion to Strike is denied.
Hale, State Trial Referee