[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
(Motion to Strike #103) CT Page 313
On or about January 26, 2000, the plaintiff was a passenger in a vehicle that was involved in a motor vehicle accident with a vehicle owned and operated by the defendant. The plaintiff filed a Two Count Complaint directed to the defendant. The First Count alleged the defendant's negligence and the Second Count alleges statutory recklessness by the defendant pursuant to Connecticut General Statutes § 14-295. The plaintiff also claimed double or treble damages pursuant to[1] C.G.S. § 14-295 in his prayer for relief.
The defendant has filed a motion to strike the Second Count contending that the Second Count should be stricken as it contains insufficient allegations to support a cause of action sounding in recklessness. The defendant claims that Count One sounds in negligence and that Count Two sounding in recklessness is entirely based on the same factual allegations supporting the plaintiff's claim for recklessness. Among several allegations of negligence in Count One, the plaintiff claims that the defendant "operated his motor vehicle at an unreasonable, improper and excessive rate of speed in violation of Connecticut General Statutes[2]§ 14-218a. In the Second Count sounding in recklessness, the plaintiff alleges that the defendant "deliberately and/or with reckless disregard operated said vehicle at an unreasonable, improper and excessive rate of speed having regard to the curves, width, traffic and use of said highway and the intersection of said streets and the weather conditions then and there existing in violation of § 14-218a of the Connecticut General Statutes, which was a substantial factor in causing the plaintiff's injuries.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts."Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, CT Page 314208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985).
"There is a wide difference between negligence and reckless disregard of the rights and safety of others, and a complaint should employ language explicit enough to inform the court and opposing counsel that reckless misconduct is relied on." Dumond v. Denehy, 148 Conn. 88, 91
(1958). The instant case, however, involves a statutory claim grounded in recklessness under Connecticut General Statutes § 14-295 and merely requires that a plaintiff plead that another party violated certain statutes with reckless disregard in order for the trier of fact to consider awarding multiple damages. Connecticut General Statutes §14-295 does not require the same specificity of pleading which is required to support a cause of action predicated on recklessness. Spencerv. King, 10 Conn.L.Rptr., No. 2, 48 (October 21, 1993, Higgins, J.);Warkentin v. Burns, 223 Conn. 14, 22 (1992); Ogletree v. Brown,9 CSCR 908 (August 29, 1994,Lewis, J.); Switek v. Fournier, 1 Conn. Ops. 838, (July 31, 1995, Pickett, J.); Lombardi v. Santoro, Inc., CV94 0314825s, Judicial District of Fairfield at Bridgeport, (December 22, 1994,Hauser, J.)
The court agrees with the plaintiff's position that all that is required under Connecticut General Statutes § 14-295 is that if the plaintiff pleads that another party has operated a motor vehicle deliberately or with reckless disregard in violation of certain statutory sections, the trier of fact may award double or treble damages. The statute does not require the same specifications of pleading as under common law which is required to support a cause of action predicated on recklessness.
Accordingly, the motion to strike Count Two of the plaintiff's complaint is hereby denied. CT Page 315
THE COURT
by ARNOLD, J.