[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE, #109
ISSUES
1. Whether the court should grant defendant's motion to strike count two of plaintiff's amended complaint on the ground that plaintiff has failed to allege a legally sufficient claim for double or treble damages under General Statutes Sec. 14-295.
2. Whether the court should grant defendant's motion to strike count three of plaintiff's amended complaint on the ground that plaintiff has failed to allege a legally sufficient claim of recklessness.
FACTS
The following facts are derived from plaintiff's amended complaint and for purposes of this motion to strike will be taken as true. Blancato v. Feldspar Corporation,203 Conn. 34, 36, 522 A.2d 1235 (1987). CT Page 5321
On February 27, 1991, plaintiff, Ruth Gaudet, commenced the present action against defendants Michael J. Ziobran (hereinafter "Ziobran") and Chrysler Financial Corporation, after plaintiff's decedent, Joseph Gaudet, was involved in a motor vehicle accident with defendant Ziobran.
On February 20, 1990, at approximately 9:00 p.m., defendant Ziobran was driving his vehicle southbound on Interstate 95 in the Town of Waterford. At said time and place, plaintiff's decedent was driving his vehicle in front of defendant Ziobran's vehicle. Defendant Ziobran was operating his vehicle at an excessive rate of speed which caused defendant Ziobran to lose control of his vehicle and crash into the rear of plaintiff's decedent's vehicle. Plaintiff alleges that at the time defendant Ziobran was operating his vehicle, he was acting as an agent, servant, or employee of defendant Chrysler Financial Corporation, or had leased said vehicle from said corporation, and therefore, defendant Chrysler Financial Corporation is liable for defendant Ziobran's actions. As a result of the impact, plaintiff's decedent suffered serious injuries and damages. Due to the permanent nature of some or all of plaintiff's decedent's injuries, plaintiff's decedent suffered great stress which lead to or precipitated his death on October 31, 1991.
Plaintiff filed an amended three count complaint on October 30, 1991. All three counts are directed to defendant Ziobran. The first count sounds in negligence. The second count sets forth a claim for statutory exemplary damages pursuant to General Statutes Sec. 14-295. The third count sets forth a claim for common law punitive damages.
Pursuant to Practice Book Sec. 152, on December 6, 1991, defendant Ziobran filed the pending motion to strike and supporting memorandum. Defendant seeks to strike counts two and three of the amended complaint on the ground that said counts "fail to state legally sufficient causes of action." Plaintiff has filed a timely opposing memorandum.
DISCUSSION
"The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the [pleading], and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
CT Page 5322 (1990). The court must construe the facts in the [pleading] in the manner most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988).
Pursuant to Practice Book Sec. 154, "[e]ach motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." A motion to strike that does not specify the grounds of insufficiency is "fatally defective." Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4,594 A.2d 1 (1991). The requirement of Practice Book Sec. 155 that a motion to strike be accompanied by an appropriate memorandum of law does not specify the requirement of Sec. 154 that the reason(s) for the claimed pleading deficiency be specified in the motion itself. Blancato, supra, 36-37 n. 3. However, the court may consider a motion to strike that fails to specify the reason (s) for the deficiency when no objection has been raised to the form of the motion because the specificity requirement of Sec. 154 is not jurisdictional. Bouchard, supra.
In the pending motion, defendant merely states that counts two and three of plaintiff's amended complaint should be stricken because said claims "fail to state legally sufficient causes of action." Although the form of defendant's motion to strike is defective for failing to specify a reason or reasons for the insufficiency, this court may address the merits of the motion because the plaintiff has failed to object to the form of the defendant's motion. See Bouchard, supra.
1. Whether plaintiff has sufficiently alleged a legally sufficient claim for double or treble damages under General Statutes Sec. 14-295.
Defendant argues that plaintiff has alleged insufficient facts in count two to support a claim of "deliberate or reckless disregard." Defendant also contends that plaintiff has failed to set out in a separate count how defendant's conduct rose to the level of recklessness. Plaintiff argues that she has "fully and fairly pleaded the prerequisite for double or treble damages under Conn. General Statutes Sec. 14-295 that the defendant deliberately or recklessly violated Section 14-218a, 14-219, 14-222 and/or14-227a."
General Statutes Sec. 14-295 states: CT Page 5323
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
In the present case, paragraph 7 of count two of plaintiff's amended complaint states:
 The defendant, Michael J. Ziobran, deliberately or in reckless disregard of the plaintiff's decedent's safety operated the motor vehicle in violation of one or more of the following section sic of the Connecticut General Statutes:
 a) Operating a motor vehicle while impaired by alcohol or while under the influence of alcohol or drugs, in violation of Section 14-227a of the Connecticut General Statutes;
 b) Operating a motor vehicle at a rate of speed greater than was reasonable, having due regard to the width, traffic and use of the highway and weather conditions in violation of Sections 14-218a or 14-219 of the Connecticut General Statutes;
 c) Operating a motor vehicle in a reckless manner in violation of Section 14-22 of the Connecticut General Statutes.
In Varlese v. Beers, 3 Conn. L. Rptr. 614
(April 4, 1991, Sullivan, J.), the court faced with an almost identical set of allegations. In granting the defendant's motion to strike the plaintiff's claim under Sec. CT Page 532414-295, the court relied on the Supreme Court's holding in Dumond v. Denehy, 145 Conn. 88, 139 A.2d 58 (1958). In Dumond, the court stated:
 We reiterate, and in so doing add emphasis to, what we said in Brock v. Waldron, 127 Conn. 79, 80, 14 A.2d 713: `[T]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.' The complaint in the instant case, fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made.
Id., 91.
Similarly, in the instant matter plaintiff has failed to set forth a specific allegation describing conduct which would rise to the level of recklessness. Plaintiff has merely concluded the defendant recklessly violated the aforementioned statutes without alleging specific facts in support thereof.
2. Whether plaintiff has sufficiently alleged a claim of recklessness
Defendant argues that the facts alleged by plaintiff in count three do not state a claim of recklessness because "one cannot distinguish a claim for reckless disregard of the safety of others or of the consequences of the action." Defendant argues further that count three does not state a separate claim but merely sets forth a claim for punitive damages which is more appropriately found in plaintiff's claim for relief.
Plaintiff argues that she has properly set forth a separate claim of recklessness by "enumerating the exact conduct which is alleged to be reckless." More specifically, CT Page 5325 plaintiff argues that the conduct which she has alleged, namely defendant's driving drunk on a major interstate highway and crashing into the rear of plaintiff's decedent's vehicle, is sufficient to state a claim of recklessness.
To maintain a cause of action sounding in recklessness, the claim of recklessness must be set out separately from any claim of negligence and must inform the court and the opposing counsel clearly that willful or malicious conduct is being asserted. Warner v. Leslie-Elliott Constructors, Inc., 194 Conn. 129, 138, 479 A.2d 231 (1984); Doyle v. Christensen, 5 CSCR 595 (July 17, 1990, Walsh, J.). "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39,46, 492 A.2d 219 (1985).
 Recklessness is a state of consciousness with reference to the consequences of one's acts. It requires a conscious choice of a course of action either with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater than that which is necessary to make his conduct negligent. (Citations omitted.)
Id., 45.
In Dean v. Ballas, 5 CSCR 864 (October 30, 1989, Mancini, J.), a case which is factually similar to the case at hand, the court granted the defendant's motion to strike on the ground that the plaintiff failed to allege sufficient facts to state a claim for recklessness. The court noted that although the plaintiff had alleged in its revised complaint that the defendant consumed alcoholic beverages, he failed to allege how much alcohol defendant consumed or how the defendant's consumption of alcohol raised its level of conduct to that of recklessness.
In count three of plaintiff's complaint, plaintiff alleges that "[t]he defendant Ziobran's reckless disregard for the safety and well-being of other persons on the highway in operating his vehicle while impaired by alcohol or drugs and in a reckless and dangerous manner was a substantial factor in causing the plaintiff's decedent's injuries and losses." (Plaintiff's Amended Complaint, count 3, para. 7.) Plaintiff has satisfied the first criteria of a CT Page 5326 claim of recklessness by setting forth a separate claim. However, plaintiff has failed to allege with sufficient particularity conduct which is "more than negligence, more than gross negligence." (Citations omitted). Id.
CONCLUSION
Defendant's motion to strike counts two and three of Plaintiff's amended complaint is granted.
AUSTIN, JUDGE