[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Plaintiff brings this action against the defendant alleging that the defendant caused an automobile accident in which the plaintiff suffered injuries. The first count sounds in negligence, while the second count alleges recklessness, and seeks double and treble damages pursuant to General Statutes 14-295. The defendant now seeks to strike the recklessness count and the claim for double and treble damages on the ground that plaintiff has not sufficiently pled a cause of action for recklessness. The plaintiff objects to the motion.
It is generally true that "[t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, CT Page 8994 cannot be transformed into a claim of reckless misconduct by mere nomenclature." Brock v. Waldron, 127 Conn. 79, 81 (1940). A number of Superior Court decisions have therefore stricken a claim for double or treble damages under 14-295 because "there is no factual basis to support a cause of action for recklessness." Comparone v. Cooper, 7 Conn. L. Rptr. 262, 263 (August 27, 1992, Austin, J.) See also Lezotte v. Hanover Ins. Co.,8 Conn. L. Rptr. 199, 200 (January 6, 1993, Sylvester, J.); Varlese v. Beers,3 Conn. L. Rptr. 474 (April 4, 1991, Sullivan, J.) "The plaintiff has merely reiterated [his] facts from [his] negligence count and inserted the word reckless. . . ." Lezotte, supra.
The cases cited by those courts as authority, however, were dealing with common law actions; see, e.g., Dubay v. Irish,207 Conn. 518 (1988); and in those instances it is clearly necessary to plead a cause of action grounded in recklessness separate and distinct from a negligence action. General Statutes 14-295, on the other hand, states explicitly that "the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of" certain statutory sections. This statute does not require the same specificity of pleading which is required to support a cause of action predicated on recklessness. "When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." (Citations omitted.) Warkentin v. Burns, 223 Conn. 14, 22 (1992). The statute here could not be any more plain or unambiguous about what a plaintiff must plead and should accordingly be applied as its words direct. The court should not "torture the words or sentence structure of a statute . . . to import an ambiguity where the ordinary meaning of the language leaves no room for it." (Citation omitted.) State v. Genotti, 220 Conn. 796, 809 (1992).
General Statutes 14-295 requires a plaintiff to plead that another party violated certain statutes with reckless disregard in order for the trier of fact to consider awarding multiple damages. The plaintiff here has pled that the defendant, with reckless disregard, operated his motor vehicle in violation of General Statutes 14-218a and 14-222, two of the sections enumerated in 14-295. He has, therefore, sufficiently pled his entitlement to multiple damages under General Statutes 14-295, and the motion to strike the prayer for relief and claims of recklessness are therefore denied. CT Page 8995
Higgins, Judge.