[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following facts are derived from the plaintiffs' CT Page 12633 complaint and for purposes of this motion to strike will be taken as true. Blancato v. Feldspar, 203 Conn. 34, 36,533 A.2d 1235 (1987).
The plaintiffs', Jason and Deborah Hoponick, were traveling east on the Chase Parkway in Waterbury on January 15, 1992 in an automobile owned by Deborah and driven by Jason. An automobile owned and operated by Evelyn Lanoue was traveling south on the parkway prior to the collision when Ms. Lanoue crossed directly in front of the plaintiffs' path and a collision occurred. Mr. Donald Bastis, executor of Ms. Lanoue's estate, has been named as the defendant in this action of the plaintiffs, wherein the plaintiffs claim various physical, emotional and financial injuries as well as damage to their property.
In the first and third counts of their complaint the plaintiffs set out allegations grounded in negligence in paragraphs one through eleven respectively. In the second and fourth counts the plaintiffs reiterate their respective eleven paragraphs and add a twelfth paragraph which pleads that "Evelyn Lanoue deliberately or with reckless disregard operated a motor vehicle in violation of Section 14-218a and 14-222 of the Connecticut General Statutes and that such violations were substantial factors in causing such personal injuries and damages to property of the plaintiff . . . and constituted a further violation of the Connecticut General Statutes, Section14-295."
The defendant moves to strike the second and fourth counts on the grounds that they are insufficient to allege the reckless conduct required under § 14-295.
"The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice. . . ." (Citations omitted; internal quotation marks omitted.) Cavallov. Derby Savings Bank, 188 Conn. 281, 283 449 A.2d 986 (1982). "A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
"The court must construe the complaint in the manner most favorable to the pleader." Ambrogio v. Peryer, Superior Court, judicial district of New Haven, Docket No. 254839 (February 17, 1988, J. Burns). "The allegations are entitled to the same favorable construction as a trier would be required to give in CT Page 12634 admitting evidence under them, and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
The motion "admits all well pleaded allegations and all facts provable thereunder." Doyle v. A. P. Realty Corporation,36 Conn. Sup. 126, 127, 414 A.2d 204 (Super.Ct. 1980), citing Blanchard v. Nichols, 135 Conn. 391, 392, 64 A.2d 878
(1949).
"In judging a motion to strike . . . it is of no moment that the party may not be able to prove his allegations at trial . . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) Grubb Ellis Company v. Dinardo,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 262043 (August 30, 1990, J. Jones).
The defendant claims the plaintiffs have not sufficiently alleged recklessness in order to sustain a cause of action under § 14-295. The defendant cites several cases to support its position. Two of the cases the defendant relies on are on point with the present case, Camparone v. Cooper, 7 Conn. L.Rptr. 262, 262-63 (August 27, 1992, Lewis, J.) and Gaudet v. Ziobran,7 CSCR 752, 753 (June 10, 1992, Austin, J.). The defendant is correct in its assertion that these cases found that a plaintiff must allege specific facts which, if proven, would justify a finding of reckless conduct in order to sustain a cause of action under § 14-295. The fact remains, however, that a split of authority exists in the trial courts of this state as to whether a party must allege facts to support a theory of recklessness under § 14-295 or merely allege more than the word "reckless" while repeating the allegations of negligence found in other counts of the complaint. See Cherry v. ABF FreightSystems. Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 354865 (June 27, 1994, Hartmere, J.);Knoblauch v. Atlantic Ventilating, 8 CSCR 1253 (October 22, 1993, Corradino, J.); Spencer v. King, 8 CSCR 1024 (September 16, 1993, Higgins, J.).
Examination of the cases that have explored this issue has resulted in agreement with those that have allowed claims of recklessness under § 14-295 to survive motions to strike without the need to plead specific facts amounting to reckless behavior. The plaintiff has satisfied the requirements of § 14-295 when it CT Page 12635 notifies the defendant of the claim for double or treble damages under the statute by mirroring the language of the statute itself. As Judge Higgins stated:
 "The cases cited by those courts [requiring specific facts that establish reckless behavior] as authority, however, were dealing with common law actions; see, e.g., Dubay v. Irish, 207 Conn. 518
[542 A.2d 711] (1988); and in those instances it is clearly necessary to plead a cause of action grounded in recklessness separate and distinct from a negligence action. General Statutes 14-295, on the other hand, states explicitly that "the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of" certain statutory sections. This statute does not require the same specificity of pleading which is required to support a cause of action predicated on recklessness. "When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." (Citations omitted.) Warkentin v. Burns, 223 Conn. 14, 22 [610 A.2d 1287] (1992). The statute here could not be any more plain or unambiguous about what a plaintiff must plead and should accordingly be applied as its words direct. The court should not "torture the words or sentence structure of a statute . . . to import an ambiguity where the ordinary meaning of the language leaves no room for it." (Citation omitted.) State v. Genotti, 220 Conn. 796, 809 [601 A.2d 1013] (1992).
 "General Statutes § 14-295 requires a plaintiff to plead that another party violated certain statutes with reckless disregard in order for the trier of fact to consider awarding multiple damages. The plaintiff here has pled that the defendant, with reckless disregard, operated his motor vehicle in violation of General Statutes 14-218a and 14-222, two of the sections enumerated in 14-295. He has, therefore, sufficiently pled his entitlement to multiple damages under General Statutes 14-295, and the motion to strike the prayer for relief and claims of recklessness CT Page 12636 are therefore denied."
Spencer v. King, supra, 8 CSCR 1024. Cf. Lezotte v. HanoverInsurance Company, 8 CSCR 156 (January 6, 1993, Sylvester, J.) (in Lezotte, which was decided prior to Spencer, this court determined that more than the bare term "reckless" was required under § 14-295, but did not dictate what exactly would be sufficient to survive a motion to strike).
The plaintiffs have sufficiently pleaded a claim under § 14-295 for recklessness where the plaintiffs allege that the defendant's decedent "deliberately or with reckless disregard operated a motor vehicle in violation of Section 14-218a and 14-222
of the Connecticut General Statutes and that such violations were substantial factors in causing such personal injuries and damages to the property of the plaintiff . . . and constituted a further violation of the Connecticut General Statutes, Section14-295" and therefore, the defendant's motion to strike the second and fourth counts is denied.
/s/ Sylvester, J. SYLVESTER