[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
The plaintiff, Stacey K. Switek, commenced this action against the defendants, Jennifer A. Finn, Clayton Fournier and Benjamin P. Fournier, to recover damages for injuries she allegedly sustained in an automobile accident. The one count complaint alleges that the plaintiff was a passenger in a motor vehicle owned and operated by the defendant Jennifer A. Finn when it collided with a vehicle owned by the defendant Clayton Fournier and operated by the defendant Benjamin P. Fournier. The plaintiff claims that she sustained injuries as the result of the negligence of the defendants Finn and Benjamin P. Fournier. The complaint also asserts the liability of the defendant Clayton Fournier under the family car doctrine.
The defendants Clayton and Benjamin P. Fournier now move to strike paragraph two of the plaintiff's prayer for relief seeking double and treble damages pursuant to General Statutes Sec. 14-295. The defendants claim that the complaint fails to allege facts supporting a claim of recklessness and, therefore, a claim for double and treble damages under the Sec. 14-295 is improper. The plaintiff timely filed a memorandum in opposition, in which he argues that he has sufficiently alleged a violation of Sec. 14-218a[1]
which triggers a claim for double and treble damages under Sec. 14-295. The plaintiff maintains that he has sufficiently alleged facts supporting such a claim under the wording of the statute.
The function of the motion to strike is to test the legal sufficiency of a pleading. Practice Book Sec. 151; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "A party may utilize a motion to strike in order to test the legal sufficiency of a prayer for relief." Central New Haven Development Corporationv. Potpourri, Inc., 39 Conn. Sup. 132, 133, 471 A.2d 681 (1983). "[A]ll facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v. Cunningham,182 Conn. 80, 82-83, 438 A.2d 6 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting CT Page 7516 evidence under them. . . and if the facts provable under the allegations would support a defense or cause of action, the. . . [motion to strike] must fail." Ferryman v. Groton, supra, 142.
General Statutes Sec. 14-295 provides in pertinent part that "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section14-218a . . . and that such violation was a substantial factor in causing such injury, death or damage to property."
The appellate courts of this state have not addressed the issue of what a plaintiff must plead to sufficiently state a claim supporting double or treble damages under Sec. 14-295. A split of authority exists among the decisions of the Connecticut Superior Court as to this issue.[2] One line of decisions holds that a plaintiff must not only plead a statutory violation as set forth in Sec. 14-295, but also facts that would support a claim of reckless conduct at common-law. Pitka v. Ullrich, 13 Conn. L. Rptr. 32
(November 16, 1994, Austin, J.); Lezotte v. Hanover Insurance Co.,8 Conn. L. Rptr. 199 (January 6, 1993, Sylvester, J.); Comparonev. Cooper, 7 Conn. L. Rptr. 262 (August 27, 1992, Lewis, J.);Gaudet v. Ziobran, 7 CSCR 752 (June 10, 1992, Austin, J.); Varlesev. Beers, 3 Conn. L. Rptr. 474 (April 4, 1991, Sullivan, J.). This line of cases has interpreted Sec. 14-295 to require a plaintiff to plead facts sufficient to inform the defendant of which acts were reckless. These courts require a plaintiff to set forth specific allegations that describe the conduct that is alleged to have risen to the level of recklessness. See, Gaudet v. Ziobran, supra. Additionally, these courts have held that "[t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Fisher v. Irby,
Judicial District of Fairfield at Bridgeport, No. 309622 (February 1, 1994, Ballen, J.)
The other line of decisions holds that a plaintiff need only allege one or more of the specific statutory violations as set forth in Sec. 14-295. Eldridge v. Sternberg, 1 Conn. Ops. 297 (March 13, 1995, Wagner, J.); Armstrong v. Smith,13 Conn. L. Rptr. 120 (December 2, 1994, Sheldon, J.); Ogletree v. Brown,9 CSCR 908 (July 29, 1994, Lewis, J.); Cherry v. ABF Systems, Inc.,12 Conn. L. Rptr. 101 (June 29, 1994, Hartmere, J.); Knoblauch v.CT Page 7517Atlantic Ventilating and Equipment Co., 10 Conn. L. Rptr. 275
(October 25, 1993, Corradino, J.); Spencer v. King, 8 CSCR 1024
(September 16, 1993, Higgins, J.). Under this line of cases, the plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes Sec. 14-295. According to this view, Section 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness."Spencer v. King, supra. In Spencer, the court denied the defendant's motion to strike because the plaintiff pleaded "that the defendant with reckless disregard, operated his motor vehicle in violation of General Statutes 14-218a and 14-222. . . . He has, therefore, sufficiently pled his entitlement to multiple damages under General Statutes 14-295, and the motion to strike the prayer for relief and claims of recklessness are therefore denied." Id.
Courts following this reasoning have stated that "[w]hen the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." Spencer v. King, supra, citingWarkentin v. Burns, 223 Conn. 14, 22, 610 A.2d 1287 (1992). In distinguishing actions based upon statutory violations from common law actions, courts have stated that in common-law actions it is necessary to plead a cause of action of recklessness separate and distinct from a negligence action. Cherry v. ABF Freight Systems,Inc., supra. When the cause of action is based upon a statutory violation, however, pleading separate causes of action is not necessary because General Statutes Sec. 14-295 states explicitly what must be alleged. Id.
This court adopts the reasoning of those cases that hold that a plaintiff need only allege a statutory violation as set forth in Sec. 14-295 to sufficiently allege a claim for double and treble damages under that statute. Section 14-295 clearly provides what needs to be "specifically pleaded" by a plaintiff for a trier of fact to award double and treble damages. Accordingly, it should be applied as its words direct. Additionally, the defendant adequately put on notice that double and treble damages are being claimed when the plaintiff complies with Sec. 14-295's requirements. While a plaintiff may certainly plead facts in greater detail than mandated under the statute, a plaintiff is not required to plead more than what the statute explicitly provides.
In this case, the plaintiff alleges in paragraph 5(e) that the CT Page 7518 defendant Benjamin P. Fournier failed to operate his motor vehicle at reasonable rate of speed in reckless disregard to his speed in violation of General Statutes sec. 14-218a and that this conduct was a substantial factor in causing the plaintiff's injuries and damages. Although, this paragraph is neither a model of clarity nor precise draftsmanship, it sufficiently apprises the defendants that Sec. 14-295 is being invoked. It also complies with the statute's specific pleading requirements since it alleges a violation of an enumerated statute with reckless disregard, and that this violation was a substantial factor in causing the plaintiff's damages and injuries.
For these reasons, the motion to strike the prayer for relief seeking double and treble damages under Sec. 14-295 is denied.
PICKETT, J.