[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108
On March 20, 1995, the plaintiff, Luz Vargas, filed a two count amended complaint, alleging negligence and recklessness against the defendants, Samuel Willis and Sam's Auto Sales. In the first count, the plaintiff alleges that the defendant, Samuel Willis, negligently operated an automobile, owned by the defendant, Sam's Auto Sales, causing the automobile to strike the plaintiff while she stood in a parking space. In the second count, the plaintiff alleges that Willis operated the automobile at an excessive rate of speed, in violation of General Statutes § 14-218a, and "in reckless disregard for the Plaintiff's safety." The plaintiff further alleges that Willis's alleged violation of § 14-218a was a "substantial factor in causing [her] injuries." The plaintiff seeks multiple damages pursuant to § 14-295.[1]
CT Page 10780
On May 5, 1995, the defendants filed a motion to strike the second count of the plaintiff's revised complaint on the ground that the plaintiff failed to allege facts sufficient to sustain a claim of recklessness. The defendants filed a memorandum of law in support of her motion on the same date.
The plaintiff filed a memorandum of law in opposition to the defendants' motion on July 7, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike admits all well pleaded allegations." (Internal quotation marks omitted.) Beaudoin v. Town Oil Co., 207 Conn. 575,581 n. 3, 542 A.2d 1124 (1988). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint." (Internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
In support of their motion to strike, the defendants argue that the plaintiff has failed to allege sufficient facts to sustain a claim of recklessness pursuant to General Statutes § 14-295. Specifically, the defendants argue that as pleaded, the second count of the plaintiff's complaint "is unclear as to what speed the Plaintiff claims was so unreasonable as to constitute recklessness" on the part of Willis. The defendants assert that "the Plaintiff must plead facts which adequately place the defendant on notice as to what specific conduct rises to the level of recklessness."
The plaintiff argues in opposition to the defendant's motion that pleading a statutory claim of recklessness requires less specificity than pleading a common law claim of recklessness. The plaintiff contends that § 14-295 merely requires that she plead a violation of one of the enumerated statutes in order to state a claim for recklessness.
Superior court authority is split as to the level of specificity required when pleading a recklessness claim pursuant to § 14-295. See Meiliken v. Romano, Superior Court, judicial CT Page 10781 district of Stamford/Norwalk at Stamford, Docket No. 13 13 03 (April 28, 1994, Lewis, J.) While some courts have required plaintiffs to allege specific reckless acts or conduct when pleading a recklessness cause of action pursuant to § 14-295; see, e.g. Finch v. McLaughlin, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 04 74 22 (April 26, 1995, Comerford, J.); Bly v. Katrosar, Superior Court, judicial district of Waterbury, Docket No. 11 46 55 (March 10, 1994.);Markham v. Fleury, Superior Court, judicial district of New London at New London, Docket No. 52 67 75 (April 29, 1994, Leuba, J.); other courts have opined that § 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." Spencerv. King, 8 CSCR 1024. (September 16, 1993, Higgins J.) Under the latter, line of cases, to properly plead a claim of recklessness pursuant to § 14-295, "[a] plaintiff is only required to plead that the defendant has violated one or more of the statutory provisions enumerated in General Statutes § 14-295."Solarzano v. Wilson, Superior Court, judicial district of New Haven at New Haven, Docket No. 35 68 85 (November 10, 1994); see also Ogletree v. Brown, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 13 47 78 (July 29, 1994, Lewis, J.); Cherry v. ABF Freight Systems, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 35 48 65 (June 29, 1994, Hartmere, J.); compare Guinta v. Beverley, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 12 98 52 (March 15, 1995, Nigro, J.).
A plain reading of § 14-295 favors the more liberal pleading requirements articulated by Judge Higgins in Spencer v.King, supra, and the line of cases in accord with that opinion. Provided that the plaintiff has strictly complied with the requirements provided for by § 14-295, the plaintiff need not allege any more specific facts.
Plaintiff has alleged that Willis's operation of the automobile in question at an excessive rate of speed constituted a reckless violation of § 14-218a, one of the statutes enumerated in § 14-295. She further alleges that the violation was a substantial factor in causing her injuries. Plaintiff has complied with the pleading requirements provided for in § 14-295. Defendant's motion to strike the second count of the complaint is denied.
McKEEVER, JUDGE CT Page 10782