[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #104
The plaintiffs, John Bavolacco, in his individual capacity and as guardian of the estate of the minor plaintiff, Jaime Bavolacco, and Diane Bavolacco, bring this action to recover for injuries sustained as a result of the alleged negligent and reckless operation of a motor vehicle by the defendant, Kara Medalis. Also named as a defendant is William Medalis, the owner of the vehicle operated by Kara Medalis. In the first and third counts of the complaint the plaintiffs assert negligence claims against the defendants. In the second, fourth and fifth counts, the plaintiffs assert recklessness claims against the defendants pursuant to General Statutes § 14-295.
On August 10, 1995, the defendants filed a motion to strike (#104) the second, fourth and fifth counts of the complaint and the demand for double and treble damages. In support of their motion, the defendants contend that the plaintiffs' statutory recklessness claims are legally insufficient because they are based on the identical set of facts that the plaintiffs pleaded in support of their negligence claims. On August 14, 1995, the plaintiffs filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the CT Page 10783 legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike admits all well pleaded allegations." (Internal quotation marks omitted.) Beaudoin v. Town Oil Co., 207 Conn. 575,581 n. 3, 542 A.2d 1124 (1988).
Superior court authority is split as to the specificity required when pleading a recklessness claim pursuant to § 14-295. See Meiliken v. Romano, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 131303 (April 28, 1994, Lewis, J.). While some courts have required plaintiffs to allege specific reckless acts or conduct when pleading a recklessness cause of action pursuant to § 14-295; see, e.g. Pitka v.Ullrich, 13 Conn. L. Rptr. 32 (November 16, 1994, Austin, J.); other courts have held that § 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." Spencer v.King, 8 CSCR 1024 (September 16, 1993, Higgins, J.). Under the latter line of cases, to properly plead a claim of recklessness pursuant to § 14-295, "[a] plaintiff is only required to plead that the defendant has violated one or more of the statutory provisions enumerated in General Statutes § 14-295."Solarzano v. Wilson, Superior Court, judicial district of New Haven at New Haven, Docket No. 356885 (November 10, 1994). See Ogletree v. Brown, 9 CSCR 908 (July 29, 1994, Lewis, J.);Cherry v. ABF Freight Systems, Inc., 12 Conn. L. Rptr 101 (August 15, 1994, Hartmere, J.); Armstrong v. Smith,13 Conn. L. Rptr. 121
(January 23, 1995, Sheldon, J.); Switek v. Fournier, 1 Conn. Ops. 838 (July 31, 1995, Pickett, J.).
The plain language of § 14-295 favors the more liberal pleading requirements articulated in Spencer v. King, supra, and the line of cases in accord with that decision. Therefore, if the plaintiff has strictly complied with the requirements provided for by § 14-295, he need not allege the additional language or facts necessary to support a common law recklessness cause of action.[1]
General Statutes § 14-295 provides in pertinent part that:
 In any action to recover damages resulting from personal injury . . . the trier of fact CT Page 10784 may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of sections 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury. . . .
(Emphasis added.)
In the present case, the plaintiffs allege that the defendants violated General Statutes § 14-218a, one of the statutes enumerated in § 14-295. The plaintiffs further allege that the violation was a substantial factor in causing their injuries. The plaintiffs have adequately pleaded a statutory recklessness cause of action pursuant to § 14-295.
The court denies the defendants' motion to strike
BALLEN, JUDGE