[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#117)
The plaintiff, Albert Henderson, brings this action to recover for injuries sustained when his motor vehicle was struck by a motor vehicle operated by the defendant Darnell Ketner and owned by the defendant Astral Carrier, Inc., and by a motor vehicle operated by Salome Zachmann and owned by the defendant Alamo Rent-A-Car. In the first count of the revised complaint the plaintiff asserts a negligence claim against Ketner and Astral. In the second count the plaintiff asserts a recklessness claim against Ketner and Astral. In the third count the plaintiff asserts a negligence claim against Zachmann and Alamo. In the fourth count the plaintiff asserts a recklessness claim against Zachmann and Alamo.
On July 31, 1995, Zachmann and Alamo (the defendants) filed a motion to strike the fourth count of the revised complaint. The defendants contend that the fourth count is legally insufficient CT Page 10777 because the plaintiff realleges his negligence allegations without alleging additional facts which would show that the defendants were reckless. The defendants also argue that the plaintiff has failed to plead a legally sufficient claim for statutory recklessness. On August 29, 1995, the plaintiff filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike admits all well pleaded allegations." (Internal quotation marks omitted.) Beaudoin v. Town Oil Co., 207 Conn. 575,581 n. 3, 542 A.2d 1124 (1988).
Superior court authority is split as to the specificity required when pleading a recklessness claim pursuant to § 14-295 See Meiliken v. Romano, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 131303 (April 28, 1994, Lewis, J.). While some courts have required plaintiffs to allege specific reckless acts or conduct when pleading a recklessness cause of action pursuant to § 14-295; see, e.g., Pitkav. Ullrich, 13 Conn. L. Rptr. 32 (November 16, 1994, Austin, J.); other courts have held that § 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." Spencer v.King, 8 CSCR 1024 (September 16, 1993, Higgins, J.). Under the latter line of cases, to properly plead a claim of recklessness pursuant to § 14-295, "[a] plaintiff is only required to plead that the defendant has violated one or more of the statutory provisions enumerated in General Statutes § 14-295."Solarzano v. Wilson, Superior Court, judicial district of New Haven at New Haven, Docket No. 356885 (November 10, 1994) SeeOgletree v. Brown, 9 CSCR 908 (July 29, 1994, Lewis, J.);Armstrong v. Smith, 13 Conn. L. Rptr. 121 (January 23, 1995, Sheldon, J.); Switek v. Fournier, 1 Conn. Ops. 838 (July 31, 1995, Pickett, J.).
The plain language of § 14-295 favors the more liberal pleading requirements articulated in Spencer v. King, supra, and the line of cases in accord with that decision. Therefore, if the plaintiff has strictly complied with the requirements provided for by § 14-295, he need not allege the additional language or facts necessary to support a common law recklessness cause of CT Page 10778 action.
General Statutes § 14-295 provides in pertinent part that:
 In any action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of sections 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury. . . .
(Emphasis added.)
In the present case, the plaintiff alleges that the defendants violated §§ 14-218a and 14-219. However, the plaintiff fails to allege that the fourth count is brought pursuant to § 14-295, or that the defendants' violation of the enumerated statutes was a substantial factor in causing the plaintiff's injuries. The fourth count appears to be a common law recklessness claim predicated upon the defendants' alleged violation of certain statutes. As such, the fourth count is legally insufficient because in order to plead a legally sufficient common law recklessness claim, a plaintiff cannot merely reallege his negligence claim and insert conclusory language which states that the defendants were "reckless." See Dubay v. Irish, 207 Conn. 518,532-33, 542 A.2d 711 (1988).
The defendants' motion to strike the fourth count is granted
BALLEN, JUDGE