[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#105)
The plaintiff, Glennery Besson, brings this action to recover for injuries sustained as a result of the alleged negligent and reckless operation of a motor vehicle by the defendant, Joshua Davis. Also named as defendants are Arthur and Barbara Davis, the owners of the vehicle operated by Joshua Davis. In the first count of the complaint the plaintiff asserts a negligence claim against the defendants. In the second count the plaintiff asserts a recklessness claim against the defendants pursuant to General Statutes § 14-295.
On November 27, 1995, the defendants filed a motion to strike (#105) the second count of the complaint and the demand for double and treble damages. In support of their motion the defendants contend that the plaintiff's statutory recklessness claim is legally insufficient because it is based on the identical set of facts that the plaintiff pleaded in support of his negligence claim. On December 13, 1995, the plaintiff filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike admits all well pleaded allegations." (Internal quotation marks omitted.) Beaudoin v. Town Oil Co., 207 Conn. 575, 581 n. 3, CT Page 271542 A.2d 1124 (1988).
Superior court authority is split as to the specificity required when pleading a recklessness claim pursuant to §14-295. See Meiliken v. Romano, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 131303 (April 28, 1994, Lewis, J.). While some courts have required plaintiffs to allege specific reckless acts or conduct when pleading a recklessness cause of action pursuant to § 14-295; see, e.g. Pitka v.Ullrich, 13 Conn. L. Rptr. 32 (November 16, 1994, Austin, J.); other courts have held that § 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." Spencer v.King, 8 CSCR 1024 (September 16, 1993, Higgins, J.). Under the latter line of cases, to properly plead a claim of recklessness pursuant to § 14-295, "[a] plaintiff is only required to plead that the defendant has violated one or more of the statutory provisions enumerated in General Statutes §14-295." Solarzano v. Wilson, Superior Court, judicial district of New Haven at New Haven, Docket No. 356885 (November 10, 1994). See Ogletree v. Brown, 9 CSCR 908 (July 29, 1994, Lewis, J.);Cherry v. ABF Freight Systems, Inc., 12 Conn. L. Rptr. 101
(August 15, 1994, Hartmere, J.); Armstrong v. Smith,13 Conn. L. Rptr. 121 (January 23, 1995, Sheldon, J.); Switek v. Fournier, 1 Conn. Ops. 838 (July 31, 1995, Pickett, J.).
The plain language of § 14-295 favors the more liberal pleading requirements articulated in Spencer v. King, supra, and the line of cases in accord with that decision. Thus, if the plaintiff, in pleading his case, has strictly complied with the requirements provided for by § 14-295, he need not allege the additional language or facts necessary to support a common law recklessness cause of action.[1] Henderson v. Ketner, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317077 (September 7, 1995, Ballen, J.); Bavolacco v. Medalis,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324479 (September 7, 1995, Ballen, J.).
General Statutes § 14-295 provides in pertinent part that: "[i]n any action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damagesif the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of sections 14-218a, 14-219, 14-222,14-227a, 14-230, 14-234, 14-237, 14-239
CT Page 272 or 14-240a, and that such violation was a substantial factor in causing such injury . . . ." (Emphasis added.)
In the present case, the plaintiff alleges that the defendants violated General Statutes §§ 14-218a and 14-222, both of which are statutes enumerated in § 14-295. The plaintiff further alleges that the violation was a substantial factor in causing his injuries. Thus, the plaintiff has adequately pleaded a statutory recklessness cause of action pursuant to § 14-295. Accordingly, the court denies the defendants' motion to strike.
Ballen, Judge