[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #106
The plaintiff, Rita Munn, brings this action to recover for injuries sustained as a result of the alleged negligent and reckless operation of a motor vehicle by the defendant Francisco Duarte. In the the second count of the second amended complaint the plaintiff asserts inter alia, a violation of Connecticut General Statutes § 14-218a, and then claims double and treble damages under Section 14-295. The defendant has filed this motion to strike claiming that the plaintiff must allege facts which support a deliberate and reckless disregard of 14-218a in order to qualify for multiple damages under 14-295.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "In ruling on a motion to strike the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the pleader. . . ." (Citations omitted; internal quotation marks omitted.) Id. at 215. "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint" (Internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). "If facts provable in the complaint would support a cause of action the motion to strike must be denied." S.M.S. Textile Mills, Inc.v. Brown, Jacobson, Tillinghast, Lahan and King, P.C., 32 Conn. App. 786,796, 631 A.2d 340 (1993). CT Page 5370-FFFFF
Connecticut General Statutes § 14-295 states that "[i]n any civil action to recover damages resulting from personal injury the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230,14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
In Connecticut, a split of authority exists on the issue of whether a plaintiff must plead facts which support a claim of reckless conduct in addition to pleading a specific statutory violation to which General Statutes § 14-295 refers. SeePrince v. Gilling, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531397 (March 20, 1995, Hale, S.T.R.). One line of decisions hold that a plaintiff must plead not only a statutory violation as set forth in §14-295, but also facts that would support a claim of reckless conduct at common law. See Bravo v. Watson, Superior Court, judicial district of Waterbury Docket No. 129692 (March 13, 1996, McDonald, J.). "These courts require a plaintiff to set forth specific allegations that describe the conduct that is alleged to have risen to the level of recklessness." Id.
The other line of cases hold that a plaintiff need only allege one or more of the specific statutory violations set forth in § 14-295. See Switek v. Fournier, Superior Court, judicial district of Litchfield, Docket No. 067858 (July 5, 1995, Pickett, J.). Courts following this reasoning have stated that "[w]hen the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J., 8 CSCR 1024).
This court has recently held that in order to recover under Section 14-295 the plaintiff is only required to allege that a defendant violated one or more of the statutes listed under14-295 and that such violation was a substantial factor in causing the plaintiff's injury. Luongo v. Huntington, Superior court judicial district of Waterbury, Docket No. 131344 (September 17, 1996, Pellegrino, J.); See also Castillo v. Caporani, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CT Page 5370-GGGGG 329702 (April 12, 1996, Ballen J.); St. George v. Connecticut CarRental, Superior Court, judicial district of Hartford-New Britain at Hartford. Docket No. 554923 (February 27, 1996, Spada, J.).
In the second count of the operative complaint the plaintiff alleges that the defendant operated his vehicle with deliberate or reckless disregard in violation of General Statutes § 14-218a
Furthermore, the plaintiff alleges that the defendant's violation was a substantial factor in causing the plaintiff to sustain the injuries and damages thereby entitling her to double and treble damages pursuant to section 14-295. Such pleading is sufficient to withstand a motion to strike. Therefore, the defendant's motion to strike count two, and the paragraph in the prayer for relief seeking double or treble damages under § 14-295 is denied.[1]
PELLEGRINO, J.