[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Plaintiffs have brought this action because of the death of Mark P. Swanberg, the decedent of plaintiff, Diane Auger, as Executrix of the Estate of Mark P. Swanberg, resulting from an automobile accident on March 20, 1994 on Interstate 84 near exit 67 in Vernon. Plaintiffs have brought this action in Six Counts. Defendant filed a motion to strike counts two through six on May 28, 1996, and the plaintiffs filed their objection to said motion on July 9, 1996. The motion and objection were accompanied by lengthy briefs.
Defendant argues that Count Two is defective because there can be no loss of spousal consortium in a common law marriage, Count Three is defective because loss of parental consortium is not recognized in Connecticut. Defendant moves to strike Count Four because plaintiff has not alleged sufficient facts to state a claim for recklessness under Connecticut General Statutes §14-295. Defendant moves to strike Count Five for the same reasons set forth as to Counts Two and Four and moves to strike Count Six for the same reasons set forth as to Counts Three and Four.
A motion to strike challenges the legal sufficiency of a pleading. Connecticut Practice Book § 152. See generally,Mingachos v. CBS, Inc. 196 Conn. 91, 108 (1985) (pleadings). The motion admits well pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545 (1980). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988); Kania v. Board of Education, 195 Conn. 90, 93 (1985). The court must construe those facts in the manner most favorable to the pleader. Rowe v. Godo, 209 Conn. 273, 278 (1988).
Count Two: Loss of spousal consortium.
Common law marriages are not recognized in Connecticut.Collier v. Milford, 206 Conn. 242, 248 (1988). However, "it is the generally accepted rule that a marriage that is valid in the state where it was contracted is valid everywhere", Collier,
supra at pg. 249 citing Catalano v. Catalano, 148 Conn. 288, 291
(1961). Here, the plaintiffs' complaint does not state where the common law marriage took place. As stated above, the court is limited to the facts alleged in the complaint and must construe those facts in the manner most favorable to the pleader, in this CT Page 260 case the plaintiffs. There is no indication where the alleged common law marriage took place. The court cannot assume it took place in Connecticut, and if any inference were to be drawn in favor of the plaintiffs, it would be that it is a common law marriage made in a state where such marriages are valid. The court should not make an inference either way. Based upon the limited allegations, the court has no reason to believe that the common law marriage is invalid. There is a right to damages resulting from loss of consortium to a spouse in Connecticut. Accordingly, the motion to strike as to Count Two is denied without prejudice. Defendant may obtain the missing information by Disclosure (she has already waived a request to revise by filing a motion to strike. See order of pleadings CPB § 112). If the information warrants it, she may again make a motion to strike so long as she follows the order of pleadings.
Count Three: Loss of Parental Consortium.
Defendant has moved to strike this count on the claim that there is no right to loss of filial or parental consortium in Connecticut. This court has carefully reviewed the decisions cited by both parties. The decision in Mahoney v. Lensink,17 Conn. App. 130, 141 (1988), despite footnote seven on page 141, does control this issue. Although one of the reasons for denying claims of individual defendants was that they were not within the class of persons to whom rights are afforded under CGS § 17-206b and 17-206c, the court stated an additional reason for denying the plaintiffs' claim for loss of consortium. "Moreover, the plaintiffs' consortium claim is for loss of filial, rather than spousal consortium. The right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Although this court may agree that loss of parental consortium is as logical and appropriate as loss of spousal consortium, it believes that it is bound by the precedent set in Mahoney v. Lensink, supra. Accordingly, the motion to strike the Third Count of the complaint is granted.
Count Four: Recklessness: CGS § 14-295.
Defendant moves to strike this count alleging that the defendant operated her motor vehicle with reckless disregard and, therefore, violated CGS § 14-295.[1] Defendant claims that this count fails to allege facts supporting this claim. As both parties have stated, there is a split of authority among Superior CT Page 261 Court judges as to the specificity required when pleading a recklessness claim pursuant to CGS § 14-295. While it is generally true that "conclusions of law absent sufficient alleged facts to support them are subject to a motion to strike" Fortiniv. New England Log Homes, Inc., 4 Conn. App. 132, 134-5 (1985), it is also true that when the allegation is the violation of a statute, it is only necessary to comply with the statute, and that the plaintiff need not allege specific facts to support a claim of recklessness as would be required in a claim of common law recklessness. "When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts, and the statute will be applied as its words direct"Spencer v. King, 8 CSCR 1024 (September 16, 1993, Higgins, J.). This court adopts the reasoning of those cases, including Spencerv. King, supra, that hold that a plaintiff need only allege a statutory violation as set forth in § 14-295 to sufficiently allege a claim for double and treble damages under that statute. A plaintiff is not required to plead more than what the statute explicitly provides. In this case the plaintiffs, in paragraph five (5) of the Fourth Count have fully complied with the pleading requirements of § 14-295. Accordingly, the motion to strike Count Four of the complaint is denied.
Count Five: Loss of Spousal Consortium: CGS § 14-295.
The defendant moves to strike this count which is based on § 14-295 and is a claim for loss of spousal consortium. Defendant claims that loss of spousal consortium is not a "personal injury" as set forth in § 14-295. In Izzo v.Colonial Penn Insurance Co., 203 Conn. 305, 313 (1987) the court decided that the term "personal injury" is broad enough to encompass a claim for injury which is personal to the claimant although flowing from the physical injury to another. It further found that a claim for loss of consortium is, therefore, a claim for "personal injury". Although this was admittedly a claim under an insurance policy, this court has no reason to believe that the Supreme Court would more narrowly construe "personal injury" under § 14-295. The claim for loss of spousal consortium is, therefore, a personal injury within the language and meaning of § 14-295. Further, § 14-295 includes a civil action to recover damages from wrongful death, which is the case here. Those words certainly need no interpretation. The defendant's motion to strike Count Five is denied.
Count Six: Loss of Parental Consortium: CGS § 14-295.
CT Page 262
This motion to strike is on the same basis as the motion to strike the fifth count except this count alleges loss of parental consortium. Since this court has already found that a claim of loss of parental consortium is not recognized in Connecticut,Mahoney v. Lensink, supra, the defendant's motion to strike the Sixth Count is granted.
Rittenband, Judge