[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 13, 1997 CT Page 5052
The plaintiff, Douglas J. Owens, filed a two count amended complaint, on March 18, 1996, against the defendant, Christopher E. Dandanell, to recover for damages for injuries allegedly sustained in an automobile accident. Count one alleges a cause of action in negligence and count two alleges recklessness pursuant to General Statutes § 14-295.
On March 29, 1996, the defendant filed this motion to strike the second count of the plaintiffs amended complaint, along with a memorandum in support, on the ground that the plaintiff failed to sufficiently allege facts to sustain a cause of action in recklessness. In his memorandum in opposition, the plaintiff argues that he has sufficiently alleged a violation of General Statutes § 14-295.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; (citation omitted) id.; and the grounds specified in the motion.Blancato v. Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235
(1987). The motion to strike "admits all facts well pleaded."Mingachos v. C.B.S., Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The court must construe the facts in the complaint most favorably to the plaintiff." Waters v. Autuori, supra,236 Conn. 825. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
General Statutes § 14-295 provides in pertinent part that "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of Section . . . 14-222 . . . and that such violation was a substantial factor in causing such injury, death or damage to property."
The appellate courts of this state have not addressed the issue of what a plaintiff must plead to sufficiently state a claim supporting double or treble damages under § 14-295. A split of authority exists among the decisions of the Connecticut CT Page 5053 Superior Court as to this issue. One line of decisions holds that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but also facts that would support a claim of reckless conduct at common-law. Pitka v. Ullrich, 13 CONN. L. RPTR. 32 (November 16, 1994) (Austin, J.); Lezotte v. HanoverInsurance Co., 8 CONN. L. RPTR. 199 (January 6, 1993) (Sylvester, J.); Comparone v. Cooper, 7 CONN. L. RPTR. 262 (August 27, 1992) (Lewis, J.); Gaudet v. Ziobran, 6 CONN. L. RPTR. 862, 7 CSCR 752
(June 10, 1992) (Austin, J.); Varlese v. Beers, 3 CONN. L. RPTR. 474 (April 4, 1991) (Sullivan, J.). This line of cases has interpreted § 14-295 to require a plaintiff to plead facts sufficient to inform the defendant of which acts were reckless. These courts require a plaintiff to set forth specific allegations that describe the conduct that is alleged to have risen to the level of recklessness. See Gaudet v. Ziobran, supra.
Additionally, these courts have held that "[t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Fisher v. Irby,
Judicial District of Fairfield at Bridgeport, No. 309622 (February 1, 1994) (Ballen, J.)
The other line of decisions holds that a plaintiff need only allege one or more of the specific statutory violations as set forth in § 14-295. Eldridge v. Sternberg, 1 Conn. Ops. 297 (March 13, 1995, Wagner, J.); Armstrong v. Smith, 13 CONN. L. RPTR. 120 (December 2, 1994) (Sheldon, J.); Ogletree v. Brown, 12 CONN. L. RPTR. 272, 9 CSCR 908 (July 29, 1994) (Lewis, J.);Cherry v. ABF Systems, Inc., 12 CONN. L. RPTR. 101 (June 29, 1994) (Hartmere, J.); Knoblauch v. Atlantic Ventilating andEquipment Co., 10 CONN. L. RPTR. 275 (October 25, 1993) (Corradino, J.); Spencer v. King, 10 CONN. L. RPTR. 48,8 CSCR 1024 (September 16, 1993) (Higgins, J.). Under this line of cases, the plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes § 14-295. According to this view, Section14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." Spencer v. King, supra. In Spencer, the court denied the defendant's motion to strike because the plaintiff pleaded "that the defendant with reckless disregard, operated his motor vehicle in violation of General Statutes § 14-218a and14-222 . . . . He has, therefore, sufficiently pled his entitlement to multiple damages under General Statutes §14-295, and the motion to strike the prayer for relief and CT Page 5054 claims of recklessness are therefore denied." Id.
Courts following this reasoning have stated that "[w]hen the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." Spencer v. King, supra, citingWarkentin v. Burns, 223 Conn. 14, 22, 610 A.2d 1287 (1992). Therefore, a plaintiff need only allege a statutory violation as set forth in § 14-295 to sufficiently allege a claim for recklessness and a claim for double and treble damages under that statute. Section 14-295 clearly provides what needs to be "specifically pleaded" by a plaintiff for a trier of fact to award double and treble damages. Accordingly, it should be applied as its words direct. Additionally, the defendant is adequately put on notice that double and treble damages are being claimed when the plaintiff complies with § 14-295's requirements. While a plaintiff may certainly plead facts in greater detail than mandated under the statute, a plaintiff is not required to plead more than what the statute explicitly provides.
In this case, the plaintiff alleges in count two, paragraph 4 that the defendant operated his motor vehicle with reckless disregard and such conduct was a substantial factor in causing the injuries, losses and damages in that the defendant operated his vehicle recklessly so as to endanger the life of another person having regard to the width, traffic and use of such highway, the intersection of streets and weather conditions, in violation of General Statutes § 14-222. Although, this paragraph is neither a model of clarity or precise draftsmanship, it sufficiently complies with the statute's specific pleading requirements.
Accordingly, the defendant's motion to strike count two of the plaintiffs amended complaint is denied.
PICKETT J.T.R.