[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #101
The present action arises out of an automobile accident in which the plaintiff's decedent was killed. The plaintiff filed a two count complaint dated November 29, 1993 and an amended complaint on December 29, 1993. In count one of both the original and the amended complaint the plaintiff alleges, inter alia, that the defendant negligently violated General Statutes14-218a, 14-222, and 14-230. In count two, the plaintiff alleges that the defendant deliberately and/or recklessly violated these same sections of the General Statutes. On December 22, 1993, the defendant filed a motion to strike on the grounds that the second count of the complaint merely reiterates the facts previously stated in the first count, yet seeks double or treble damages pursuant to General Statutes 14-295.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). The motion to strike admits all well-pleaded facts. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). However, it does not admit legal conclusion. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 682
(1992).
It is noted that the complaint was amended subsequent to the filing of the defendant's motion to strike. It is also noted that the amended complaint is substantially similar to the original complaint. The defendant has not filed a motion to strike that is addressed to the second count of the amended complaint. However, "[i]f the adverse party fails to plead farther [after an amendment], pleadings already filed by him shall be regarded as applicable so far as possible to the amended pleading." Practice Book 177. Therefore, the court will apply the defendant's motion to strike to the amended complaint.
CT Page 1054 The Connecticut Supreme Court has consistently held that where a complaint alleges recklessness it must use explicit language that informs both the court and the defendant what conduct is relied upon. Dumond v. Denehy, 145 Conn. 88, 91,139 A.2d 58 (1958). "Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Id.
Trial courts have applied this standard to complaints that allege reckless violation of General Statute 14-218a, 14-222, and 14-230 in order to obtain double or treble damages under14-295. Gaudet v. Ziobran, 7 CSCR 752 (June 10, 1992, Austin, J.); Kalamandis v. O'Dwyer, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket no. 12 63 35, February 2, 1993; Allen v. Lazzari, Superior Court, judicial district of Ansonia/Milford at Milford, Docket no. 03 73 36, May 5, 1992.
In considering motions to strike counts that allege reckless or deliberate violations of the statutes cited above, courts have consistently granted the motions where the plaintiff fails to set forth specific allegations that describe conduct that is alleged to have risen to the level of recklessness. See Gaudet v. Ziobran, supra (motion granted where plaintiff merely concluded that defendant recklessly violated statutes without alleging specific facts); Kalamandis v. O'Dwyer, supra ("reiteration of an act previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature.").
In the second count of her complaint the plaintiff has not included any allegations that meet the standard of specificity necessary to allege reckless or wilful conduct. The plaintiff's allegations are mere legal conclusions. Therefore, the court grants the defendant's motion to strike the second count of the plaintiff's amended complaint.
BALLEN, J.