[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Kara Goodrich, has filed Motions to Strike alleging that the first counts in plaintiff's complaints are legally insufficient allegations of recklessness. The plaintiff, Denise Motta, filed Memoranda in Opposition arguing that she did not need to meet the common law standards when pleading recklessness and deliberateness under Connecticut General Statute CT Page 13471 § 14-295. This decision pertains to two action involving the same parties: Motta v. Goodrich et. al., CV 0487678 and Motta v.Goodrich et. al., CV 0487679. The cases arise from the same facts and the motions and memoranda in opposition are identical. For the reasons more fully set forth in this decision, defendant's motions are denied.
These cases arise out of a rear-end automobile collision in which the plaintiff claims that the defendant was both negligent and in reckless and deliberate violation of statutory prohibitions. The two counts in plaintiff's complaints rely on the same factual assertions, except that in count one the plaintiff states that the defendant was reckless in that she operated her motor vehicle at an excessive rate of speed." It alleges a violation of Connecticut General Statute (hereinafter "C.G.S.") § 14-295. Count two alleges that the defendant "was negligent in that she operated her motor vehicle at an excessive rate of speed."
A Motion to Strike is "the proper method to challenge the legal sufficiency of a complaint . . ." Gulack v. Gulack,30 Conn. App. 305, 309 (1993). When deciding a motion to strike, the trial court is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. CignaHealthcare of Conn., Inc., 238 Conn. 216, 232-33 (1996). "The principle function of [the motion to strike] is to enable movement beyond the allegations in the pleadings, and to assist the court in its analysis of the evidence so as to ascertain whether an actual need for trial exists." Hughes v. Bemer,200 Conn. 400, 402 (1986).
The defendant challenges the sufficiency of the recklessness allegations in the complaints. She argues that it is not enough for the plaintiff to merely repeat the language stated in the negligence counts. The defendant relies on appellate case law addressing the commonlaw standard for pleading recklessness[1]
and on Superior Court decisions applying the common law standards to pleadings stating a cause of action under C.G.S. § 14-295.
The plaintiff relies on the language in C.G.S. § 14-295, itself, to support her position that she does not need to plead acts of recklessness more specifically. Section 14-295 provides that: CT Page 13472
 "[i]n any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a . . . and that such violation was a substantial factor in causing such injury . . ."
The plaintiff further cites a line of Superior Court cases favoring a more liberal standard for pleading § 14-295 causes of action.
There is no appellate decision setting forth the requisite standard when pleading a violation of § 14-295. There is a split of authority at the Superior Court level. In one line of cases, courts have required the plaintiff to plead facts sufficient to support a claim of recklessness at commonlaw when pleading violations under § 14-295. See Pitka v. Ullrich, Superior Court, judicial district of New London, Docket No. 530000 (November 16, 1994, Austin, J., 13 CONN. L. RPTR. 32);Lezotte v. Hanover Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J.,8 CONN. L. RPTR. 1993); Comparone v. Cooper, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293125 (August 27, 1992, Lewis, J., 7 CONN. L. RPTR. 262); Gaudet v.Ziobran, Superior Court, judicial district of Middlesex at Middletown, Docket No. 061126 (June 10, 1992, Austin, J.7 CSCR 752); and Varlese v. Beers, Superior Court, judicial district of Waterbury, Docket No. 099755 (April 4, 1991, Sullivan, J.,3 CONN. L. RPTR. 474). Those cases disallow recklessness causes of actions which merely reiterate the facts stated in negligence counts, even though the claims arise from § 14-295 of C.G.S.
The second line of cases requires only that a plaintiff allege that the defendant violated one or more of the motor vehicle statutes enumerated in § 14-295. See Guerrera v.Hamzi, Superior Court, judicial district of Waterbury, Docket No. 96-0136344 (May 7, 1998, Kulawiz, J.); Godfrend v. Sabilla, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 97 0162727 (April 29, 1998, D'Andrea, J.);Satanovskaya v. Barberio, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 98-0163201 (March 10, 1998, Karazin, J., 1998 WL 128826); Atlon v. Davey, Superior Court, judicial district of Fairfield at Bridgeport (February 2, 1998, Skolnick, J.); Auger v. Baddeley, Superior Court, judicial CT Page 13473 district of Tolland at Rockville, Docket No. 9660334 (January 13, 1997, Rittenband, J.); Castillo v. Caporani, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329702 (April 12, 1996, Ballen, J.); Eldridge v. Sternberg, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 544939 (March 13, 1995, Wagner, J.); Armstrong v.Smith, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533947 (December 2, 1994, Sheldon, J.,13 CONN. L. RPTR. 120)[2]; Ogletree v. Brown, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 134778 (July 29, 1994, Lewis, J., 12 CONN. L. RPTR. 272;Cherry v. ABF Systems, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 354865 (June 29, 1994, Hartmere, J., 12 CONN. L. RPTR. 101); Knoblauch v. AtlanticVentilating and Equipment Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 524505 (October 25, 1993, Corradino, J., 10 CONN. L. RPTR. 275); and Spencer v.King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.,10 CONN. L. RPTR. 48). These cases do not require the same level of specificity as is mandated when pleading commonlaw recklessness.
"When language used by legislature is plain and unambiguous, there is no room for construction by the courts, and the statute will be applied as its words direct." (Citation omitted) Auger v.Baddeley, supra. "The plain language of section 14-295 favors the more liberal pleading requirements articulated in Spencer v.King, and Castillo v. Caporani, and the line of cases in accord with that decision." (Citations omitted.) Guerrara v. Hamzi,supra.
This court adopts the reasoning articulated by courts in the second line of case: the cases requiring only that a plaintiff plead what is specifically mandated by § 14-295. For this reason the defendant's motions to strike are denied.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT